NO. 07-02-0072-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



JUNE 20, 2002


________________________________



TAMMY TOWNSLEY CHEEK




 Appellant


v.



THE STATE OF TEXAS, 




 Appellee

_________________________________



FROM THE 64TH DISTRICT COURT OF HALE COUNTY;



NO. A-14198-0109; HON. JACK R. MILLER, PRESIDING


_______________________________


 

Dismissal


_______________________________



Before BOYD, C.J., QUINN, and REAVIS, JJ.

 Tammy Townsley Cheek (appellant) appealed her conviction for theft. The
conviction and judgment manifesting same was entered upon her plea of guilty and plea
bargain with the State. Furthermore, the sentence imposed by the trial court did not
exceed the punishment recommended by the State and agreed to by the appellant. We
dismiss for want of jurisdiction.

 Appellant filed a general notice of appeal. Yet, because she pled guilty and the
sentence assessed by the trial court did not exceed the parameters of the plea bargain,
she was required to comply with Texas Rule of Appellate Procedure 25.2(b)(3). That is,
she was required to recite in her notice that she was appealing based upon jurisdictional
defects, that the substance of her appeal was raised by written motion and ruled on before
trial, or that the trial court granted her permission to appeal. (1) None of these statements
appear in the notice, however. Consequently, we lack jurisdiction to entertain the
proceeding. Cooper v. State, 45 S.W.3d 77 (Tex. Crim. App. 2001). 

 Accordingly, the appeal is dismissed.


 Per Curiam


Do Not Publish.


1. The record reflects that the trial court denied appellant permission to appeal.


e and
evidence presented. In conformity with counsel's obligation to support the appeal to the
best of his ability, Johnson v. State, 885 S.W.2d 641, 645 (Tex. App.-Waco 1994, pet.
ref'd), the brief discusses a potential complaint on appeal and then explains why it does not
demonstrate reversible error. Counsel also has filed a motion to withdraw and, by letter,
informed appellant of his right to file a pro se brief. Id. at 646. 

 By letter dated February 14, 2005, this court also notified appellant of his opportunity
to submit a response to the Anders brief and motion to withdraw filed by his counsel,
granting him until March 14, 2005 to do so. This court's letter also reminded appellant to
contact his counsel if he needed to review any part of the appellate record to prepare a
response. Appellant has not filed a brief or other response.

 In conformity with the standards set out by the United States Supreme Court, we will
not rule on the motion to withdraw until we have independently examined the record. 
Nichols v. State, 954 S.W.2d 83, 86 (Tex. App.-San Antonio 1997, no pet.). If this court
determines the appeal has merit, we will remand it to the trial court for appointment of new
counsel. Stafford v. State, 813 S.W.2d 503, 511 (Tex.Crim.App. 1991).

 The potential issue discussed in counsel's brief is that the State failed to establish,
through the testimony of the supervision officer, that appellant did not report as directed
(i.e. at 2:00 p.m. on March 3, 2004). Instead, the State established that he did not report
as required through cross-examination of appellant. As noted, appellant elected to testify
at the revocation hearing. On cross-examination, he admitted his failure to report. Counsel
points out that but for appellant's admission, there is no showing that he missed his
reporting due date as alleged. Given appellant's admission, however, we agree that the
appeal presents no meritorious issue regarding the sufficiency of the evidence.

 Appellate review of a revocation order is limited to determining whether the trial court
abused its discretion. Cardona v. State, 665 S.W.2d 492, 493 (Tex.Crim.App. 1984);
Jackson v. State, 645 S.W.2d 303, 305 (Tex.Crim.App. 1983). The trial court abuses its
discretion in revoking community supervision if the State fails to meet its burden of proof. 
Cardona, 665 S.W.2d at 493-94. In a revocation proceeding, the State must prove by a
preponderance of the evidence that appellant violated a condition of community supervision
as alleged in the motion to revoke. Cobb v. State, 851 S.W.2d 871, 874 (Tex.Crim.App.
1993). The trial judge in such a proceeding is the sole trier of fact. Taylor v. State, 604
S.W.2d 175, 179 (Tex.Crim.App. 1980). The evidence before the trial court was sufficient
to establish appellant's violation of the condition alleged. Cobb, 851 S.W.2d at 874. 

 Our review convinces us that appellate counsel conducted a complete review of the
record. We have also made an independent examination of the entire record to determine
whether there are any arguable grounds which might support the appeal. See Stafford,
813 S.W.2d at 511. We agree it presents no meritorious grounds for review. The trial court
did not abuse its discretion in revoking appellant's community supervision. We grant
counsel's motion to withdraw and affirm the judgment of the trial court. 

 

 James T. Campbell

 Justice




Do not publish.