11th Court of Appeals
Eastland, Texas
Opinion
Georg Alfred Hawkins
            Appellant
Vs.                  No. 11-03-00032-CR – Appeal from Collin County
State of Texas
            Appellee
 
            This is an appeal from the 2002 judgment revoking “regular” community supervision. We
affirm. 
            In 1993, Georg Alfred Hawkins pleaded guilty to touching his girlfriend’s 10-year-old
daughter’s genitalia with his hand. The trial court convicted appellant of indecency with a child and
assessed his punishment at confinement for 10 years and a $1,000 fine. Pursuant to the plea bargain
agreement, the trial court suspended the imposition of the confinement portion of the sentence and
placed appellant on community supervision for 5 years.
            In 1995, the State filed a motion to revoke appellant’s community supervision. At the
hearing, appellant entered a plea of not true. The trial court determined that appellant had violated
the terms and conditions of his community supervision, revoked his community supervision, and
imposed the original sentence of confinement for 10 years. The sentence was imposed on September
11, 1995. On November 15, 1995, appellant filed a motion to continue community supervision. The
trial court granted the motion and placed appellant on community supervision for 10 years.
             The trial court amended or modified the terms and conditions of appellant’s community
supervision three times in 1997 and once in 2001. In 2001, the State filed a motion to revoke
alleging that appellant violated the terms and conditions of his community supervision by failing to
avoid access to the Internet, the World Wide Web, or electronic mail as ordered; by failing to
participate in a sexual abuse treatment program as ordered; by failing to truthfully answer all
inquiries and failing to furnish all information as ordered; by failing to permit his supervision officer
to inspect records relating to the use of the Internet, the World Wide Web, or electronic mail as
ordered; and by failing to avoid entering into or maintaining any type of agreement for the purpose
of accessing the Internet, the World Wide Web, or electronic mail as ordered. Appellant entered a
plea of true to the second allegation (failure to participate in sexual abuse treatment program as
ordered) and pleas of not true to the remaining allegations. The trial court found all five of the
allegations to be true, revoked his community supervision, and imposed a sentence of confinement
for five years.
            Appellant’s court-appointed counsel has filed a brief in which he conscientiously examines
the entire record, analyzes the applicable law, and concludes that the appeal is wholly frivolous and
without merit. Counsel has furnished appellant with a copy of the brief and has advised appellant
of his right to review the record and file a pro se brief. A pro se brief has not been filed. Counsel
has complied with the procedures outlined in Anders v. California, 386 U.S. 738 (1967); Stafford
v. State, 813 S.W.2d 503 (Tex.Cr.App.1991); High v. State, 573 S.W.2d 807 (Tex.Cr.App.1978);
Currie v. State, 516 S.W.2d 684 (Tex.Cr.App.1974); and Gainous v. State, 436 S.W.2d 137
(Tex.Cr.App.1969).
            Following the procedures outlined in Anders, we have independently reviewed the record. 
We note that a plea of true alone is sufficient to support the trial court’s determination to revoke. 
Moses v. State, 590 S.W.2d 469 (Tex.Cr.App.1979); Cole v. State, 578 S.W.2d 127 (Tex.Cr.App.
1979). Proof of a single violation of the terms and conditions of community supervision is sufficient
to support revocation. McDonald v. State, 608 S.W.2d 192 (Tex.Cr.App.1980); Taylor v. State, 604
S.W.2d 175 (Tex.Cr.App.1980); Moses v. State, supra. Moreover, appellant’s community
supervision supervisor testified that appellant committed the alleged violations. The trial court did
not abuse its discretion. Flournoy v. State, 589 S.W.2d 705 (Tex.Cr.App.1979). 
            The record before this court supports counsel’s conclusions that appellant freely and
voluntarily entered his plea of true and that trial counsel provided reasonably effective assistance. 
Strickland v. Washington, 466 U.S. 668 (1984); Hernandez v. State, 988 S.W.2d 770
(Tex.Cr.App.1999); Stafford v. State, supra at 508-09. We agree that the appeal is without merit.
            The judgment of the trial court is affirmed.
 
January 15, 2004                                                                    PER CURIAM
Do not publish. See TEX.R.APP.P. 47.2(b).
Panel consists of: Arnot, C.J., and
Wright, J., and McCall, J.