NO. 07-03-0399-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

JUNE 3, 2004

_____

ALICE RENE RUPPANNER, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 242ND DISTRICT COURT OF HALE COUNTY;

NO. B13715-0004; HONORABLE ED SELF, JUDGE

_____

Before JOHNSON, C.J., and QUINN and CAMPBELL, JJ.

**MEMORANDUM OPINION**

Appellant Alice Rene Ruppanner brings this appeal from the revocation of her community supervision. We affirm the revocation. Appellant was charged in an April 18, 2000 indictment with 31 counts of theft occurring between August and September 1999. She was convicted on September 8, 2000, by the 242nd District Court on her plea of guilty to each count pursuant to a plea agreement. Punishment was assessed in conformity with

the plea agreement at two years confinement in a state jail facility, restitution of $5,392.46, and court costs. Also in compliance with the plea agreement, imposition of the sentence was suspended for a period of five years, conditioned on appellant's compliance with the terms of her community supervision. The trial court rendered a judgment *nunc pro tunc* on August 21, 2001.[1] In September 2001, the trial court rendered an agreed order adding one year to the term of appellant's community supervision.

The State filed a motion to revoke appellant's community supervision on July 24, 2003, alleging four violations of her community supervision including commission of subsequent offenses, failure to report as required, failure to pay restitution and fees, and failure to complete community service.

At an August 19, 2003 hearing appellant plead true to the State's allegations and entered a stipulation of evidence in support. Appellant advised the court her plea was voluntary and she understood the nature of the proceeding and the consequences of her plea. Her counsel also informed the court he felt she was competent to proceed with the hearing.

Appellant was the only witness at the revocation hearing. She authenticated the stipulation of evidence and testified she had been living in Wyoming where she was charged with two counts of theft and one of forgery. She pled guilty to those offenses, receiving 90 days confinement for the theft offenses and three years probation for the

---

[1]The judgment *nunc pro tunc* recited the court had taken into account unadjudicated offenses in other counties. By virtue of Section 12.45(c) of the Penal Code, this barred appellant's prosecution for those offenses. Tex.Pen.Code Ann. (Vernon 2003).

forgery conviction. Appellant reported these convictions to her probation officer as required.

At the conclusion of the hearing the court found appellant had violated the conditions of her community supervision and revoked it. It ordered her to serve the original sentence imposed on her conviction. She filed a timely notice of appeal and the trial court appointed counsel on appeal.

Appellant's counsel has filed a brief stating that he has carefully reviewed the record in this case and concludes there is no reversible error and that the appeal is frivolous. *See Anders v. California*, 386 U.S. 738, 744-45, 87 S.Ct.1396, 18 L.Ed.2d 493 (1967). The brief discusses the factual and procedural history of the case and evidence presented. In conformity with counsel's obligation to support the appeal to the best of his ability, *Johnson v. State*, 885 S.W.2d 641, 645 (Tex.App.--Waco 1994, pet. ref'd), the brief discusses one potential complaint on appeal and explains why it does not show reversible error. Counsel also has filed a motion to withdraw and by letter informed appellant of her rights to review the trial record and to file a pro se brief. *Id.* By letter dated November 13, 2003, this Court also notified appellant of her opportunity to submit a response to the *Anders* brief and motion to withdraw filed by her counsel, granting her until December 10, 2003, to do so. This court's letter also reminded appellant to contact her counsel if she needed to review any part of the appellate record to prepare a response. Appellant has not filed a brief or other response. Nor has the State filed a brief in this appeal.

In conformity with the standards set out by the United States Supreme Court, we will not rule on the motion to withdraw until we have independently examined the record. *Nichols v. State*, 954 S.W.2d 83, 86 (Tex.App.--San Antonio 1997, no pet.). If this court determines the appeal has merit, we will remand it to the trial court for appointment of new counsel. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex.Crim.App. 1991).

The sole potential issue discussed in counsel's brief is the legal and factual sufficiency of the evidence supporting the trial court's determination that appellant violated the terms and conditions of her community supervision. Appellate review of a revocation order is limited to determining whether the trial court abused its discretion. *Cardona v. State*, 665 S.W.2d 492, 493 (Tex.Crim.App. 1984); *Jackson v. State*, 645 S.W.2d 303, 305 (Tex.Crim.App. 1983). The trial court abuses its discretion in revoking community supervision if the State fails to meet its burden of proof. *Cardona*, 665 S.W.2d at 494.

In a revocation proceeding, the State must prove by a preponderance of the evidence that appellant violated a condition of community supervision as alleged in the motion to revoke. *Cobb v. State*, 851 S.W.2d 871, 874 (Tex.Crim.App. 1993). The trial judge in such a proceeding is the sole trier of fact. *Taylor v. State*, 604 S.W.2d 175, 179 (Tex.Crim.App. 1980). A defendant's plea of true to an alleged violation, standing alone, is sufficient to support the revocation. *Moses v. State*, 590 S.W.2d 469, 470 (Tex. Crim.App. 1979).

Appellant's pleas of true to each alleged violation of the conditions of her community supervision and evidence presented at the hearing are sufficient to support the court's

judgment.[2] The record also supports the court's finding that appellant was competent at the time of the hearing to make the plea and it was made voluntarily.

Our review convinces us that appellate counsel conducted a complete review of the record. We have also made an independent examination of the entire record to determine whether there are any arguable grounds which might support the appeal.[3] *See Stafford,* 813 S.W.2d at 511. We agree it presents no meritorious grounds for review. The trial court did not abuse its discretion in revoking appellant's community supervision. We grant counsel's motion to withdraw and affirm the judgment of the trial court.

James T. Campbell
Justice

Do not publish.

---

[2]Counsel's brief concludes the evidence is not factually insufficient under the standard adopted in *Clewis v. State,* 922 S.W.2d 126 (Tex.Crim.App. 1996). However the analysis in *Clewis* is inapplicable to probation revocation proceedings. *See Cochran v. State,* 78 S.W.3d 20, 27 (Tex.App.–Tyler 2002, no pet).

[3]Our review is limited, though, to any issues related to revocation of appellant's community supervision. Tex. Code Crim. Proc. art. 42.12 § 23(b); *see Manuel v. State,* 994 S.W.2d 658, 661-62 (Tex.Crim.App. 1999).