NO. 07-04-0375-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



JUNE 8, 2005



______________________________



BELINDA VAQUERA, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE


_________________________________



FROM THE 242ND DISTRICT COURT OF HALE COUNTY;



NO. B14993-0306; HONORABLE ED SELF, JUDGE


_______________________________



Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

MEMORANDUM OPINION


Appellant Belinda Vaquera brings this appeal from the revocation of her community
supervision. We affirm the revocation. 

Appellant was charged in June 2003 by indictment with Forgery of a Financial
Instrument occurring in May 2003. She was convicted in November 2003 by the 242nd
District Court on her plea of guilty pursuant to a plea agreement. Punishment was
assessed in conformity with the plea agreement at two years confinement in a state jail
facility, a fine of $500.00, restitution of $2,049.64, and court costs. Also in compliance with
the plea agreement, imposition of the sentence was suspended for a period of four years,
conditioned on appellant's compliance with the terms of her community supervision. The
State filed a motion to revoke appellant's community supervision on May 19, 2004, alleging
four violations of her community supervision including failure to report as required, failure
to notify the community supervision office of her change of address, failure to pay
restitution and fees, and failure to complete community service. 

At a July 9, 2004 hearing appellant pled true to the State's allegations and entered
a stipulation of evidence in support. Appellant advised the court her plea was voluntary and
she understood the nature of the proceeding and the consequences of her plea. Her
counsel also informed the court he felt she was competent to proceed with the hearing.

Appellant was the only witness at the revocation hearing. At the conclusion of the
hearing the court found appellant had violated the conditions of her community supervision
and revoked it. The court ordered her to serve the original sentence imposed on her
conviction. She filed a timely notice of appeal and the trial court appointed counsel on
appeal.

Appellant's counsel has filed a brief stating that he has carefully reviewed the record
in this case and concludes there is no reversible error and that the appeal is frivolous. See
Anders v. California, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). The
brief discusses the factual and procedural history of the case and evidence presented. In
conformity with counsel's obligation to support the appeal to the best of his ability, Johnson
v. State, 885 S.W.2d 641, 645 (Tex.App.-Waco 1994, pet. ref'd), the brief discusses one
potential complaint on appeal and explains why it does not show reversible error. Counsel
also has filed a motion to withdraw and by letter informed appellant of her right to file a pro
se brief. Id. at 646. By letter dated November 15, 2004, this Court also notified appellant
of her opportunity to submit a response to the Anders brief and motion to withdraw filed by
her counsel, granting her until December 15, 2004, to do so. This court's letter also
reminded appellant to contact her counsel if she needed to review any part of the appellate
record to prepare a response. (1) On December 27, 2004, appellant requested an extension
of time which this court granted allowing her until January 28, 2005, to file a pro se
response. Appellant has not filed a brief or other response. 

In conformity with the standards set out by the United States Supreme Court, we will
not rule on the motion to withdraw until we have independently examined the record. 
Nichols v. State, 954 S.W.2d 83, 86 (Tex.App.-San Antonio 1997, no pet.). If this court
determines the appeal has merit, we will remand it to the trial court for appointment of new
counsel. See Stafford v. State, 813 S.W.2d 503, 511 (Tex.Crim.App.1991).

The potential issue discussed in counsel's brief is factual sufficiency of the evidence
supporting the trial court's determination that appellant violated one of the terms and
conditions of her community supervision. Appellate review of a revocation order is limited
to determining whether the trial court abused its discretion. Cardona v. State, 665 S.W.2d
492, 493 (Tex.Crim.App.1984); Jackson v. State, 645 S.W.2d 303, 305
(Tex.Crim.App.1983). The trial court abuses its discretion in revoking community
supervision if the State fails to meet its burden of proof. Cardona, 665 S.W.2d at 493-94. 
In a revocation proceeding, the State must prove by a preponderance of the evidence that
appellant violated a condition of community supervision as alleged in the motion to revoke. 
Cobb v. State, 851 S.W.2d 871, 874 (Tex.Crim.App.1993). As counsel's brief notes, when
the State alleges more than one violation, proof of any one of them will support revocation. 
Moore v. State, 605 S.W.2d 924, 926 (Tex.Crim.App. [Panel Op.] 1980). The trial judge
in such a proceeding is the sole trier of fact. Taylor v. State, 604 S.W.2d 175, 179
(Tex.Crim.App.1980). A defendant's plea of true to an alleged violation, standing alone,
is sufficient to support the revocation. Moses v. State, 590 S.W.2d 469, 470
(Tex.Crim.App.1979). Appellant signed a stipulation of evidence stating that each alleged
violation of her community supervision was true and pled true to the violations in open
court. The record also supports the court's finding that appellant was competent at the time
of the hearing to make the plea and it was made voluntarily.

Our review convinces us that appellate counsel conducted a complete review of the
record. We have also made an independent examination of the entire record to determine
whether there are any arguable grounds which might support the appeal. (2) See Stafford,
813 S.W.2d at 511. We agree it presents no meritorious grounds for review. The trial court
did not abuse its discretion in revoking appellant's community supervision. We grant
counsel's motion to withdraw and affirm the judgment of the trial court.



 James T. Campbell

 Justice




Do not publish. 
1. ' 
 - 
 - 
2. 
 § 
 -