**Darcy TAYLOR, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 63975.**

Court of Criminal Appeals of Texas, Panel No. 3.

July 16, 1980.

Rehearing Denied Sept. 24, 1980.

Stan Brown, Abilene, for appellant.

Patricia A. Elliott, Dist. Atty., Jorge A. Solis, Asst. Dist. Atty., Abilene, and Robert Huttash, State's Atty., Austin, for the State.

Before ODOM, TOM G. DAVIS and CLINTON, JJ.

## OPINION

TOM G. DAVIS, Judge.

Appeal is taken from an order revoking probation.

On January 11, 1978, appellant was convicted of delivery of marihuana, punishment was assessed at five years, probated. On July 26, 1979 the State filed a motion to revoke appellant's probation. The court held a hearing thereon and found appellant had violated the terms of her probation by possessing more than four ounces of marihuana.

On July 24, 1979 Officer Frank Cleveland acting on a tip from a confidential informant obtained a search warrant for appellant's house at 602 Clinton Street in Abilene. The search resulted in discovery of approximately 14 ounces of marihuana, the possession of which formed the basis of the order revoking appellant's probation.

In her first ground of error, appellant contends that the trial court abused its discretion "in admitting evidence obtained by executing a search warrant that was invalid because the affidavit in support thereof contained false information." Appellant maintains that the testimony of three witnesses who testified at the hearing on the motion to suppress contradicts the facts

contained in the affidavit and thus shows by at least a preponderance of the evidence that the statements in the affidavit are false. Appellant further argues that, considering this testimony, the allegations in the affidavit were made with a reckless disregard for the truth because the affiant failed to verify the information contained in the tip. Appellant concludes that the information from the tip should have been stricken from the affidavit. Without the contents of the tip the affidavit would not set out probable cause.

In *Franks v. Delaware*, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978) the United States Supreme Court held that where a defendant makes a preliminary showing that the affiant to a search warrant affidavit intentionally, knowingly or with reckless disregard of the truth includes a false statement therein, the defendant must be afforded a hearing to determine the validity of his claim. This Court has held that the rule announced in *Franks* is to be applied retroactively. *Ramsey v. State*, 579 S.W.2d 920 (Tex.Cr.App.). Where the defendant makes a sufficient preliminary showing and where the trial court at the subsequent hearing determines that the affiant did knowingly, intentionally or with reckless disregard include false statements in the affidavit those statements shall be disregarded by the court in determining whether the affidavit sets out probable cause. *Franks v. Delaware*, supra. Thus, in *Juarez v. State*, 586 S.W.2d 513, (Tex.Cr.App.), it was found that where the testimony of the affiant and the informer at the *Franks* hearing clearly showed their assertions in the affidavit to be false there was no probable cause for the search warrant to issue. The trial judge is the sole fact finder at a hearing on a motion to suppress and, as such, he may choose to believe or disbelieve any or all of the witnesses' testimony. *Clark v. State*, 548 S.W.2d 888 (Tex.Cr.App.); *Luckett v. State*, 586 S.W.2d 524 (Tex.Cr.App.).

With respect to the instant case the search warrant affidavit in pertinent part reads as follows:

"That within the past three hours this same confidential informant did personally observe approximately ten or twelve clear plastic baggies with each baggie containing a quantity of marihuana in the front seat of the suspected party's above described vehicle. And that at approximately 2:30 PM on this date, the informant observed the suspected party take at least a portion of this marihuana from the above described vehicle and take it into the suspected place at 602 Clinton Street."

At the hearing on the motion to suppress appellant offered the testimony of Steve Taylor (appellant's husband) and Bill Fry (Steve Taylor's employer) in an effort to establish that the confidential informant did not make the above described observations. Appellant points out that Officer Cleveland (the affiant) testified that the informant made his observations between 1:30 p. m. and 3:30 p. m. on the date in question. Steve Taylor testified that he had parked the auto described in the affidavit at his place of employment, the F & W Shell station, until 1:30 p. m. He stated that he did not observe anyone look into his auto prior to that time, however, he did observe a customer park their car near his. At 1:30 p. m. he left in the auto and went to 602 Clinton Street. He testified that he did not carry marihuana into the residence.

Bill Fry related that he was present at the F & W Shell station where Steve Taylor parked his car and that he observed no one look into Taylor's auto during the period of time in question. He also stated that he did not observe the car one hundred percent of the time.

Officer Cleveland testified that he received the information contained in the affidavit and that he attempted to verify it before executing the warrant.

In *Etchieson v. State*, 574 S.W.2d 753, 758 (Tex.Cr.App.), cert. denied, 440 U.S. 936, 99 S.Ct. 1282, 59 L.Ed.2d 495, the defendant contended that the search warrant was invalid because it was based on intentional misrepresentations by the affiant. We held that where the testimony of the affiant at

the hearing on the motion to suppress showed only minor discrepancies between that testimony and the affidavit, the record did not supply a basis for a determination that the search warrant was based upon intentional misrepresentations by the affiant. Cf. *Juarez v. State*, supra.

The court granted appellant's request for a hearing to determine the validity of the search warrant affidavit. *Franks v. Delaware*, supra; *Ramsey v. State*, supra. The evidence produced by appellant tended to contradict the information contained in the tip. Whether the testimony of the witnesses was credible was an issue for the trial court to decide. *Luckett v. State*, supra. Even if the trial court had concluded from this evidence that the information contained in the tip was false,[1] there was no evidence that the *affiant* (Officer Cleveland) knowingly, intentionally or with reckless disregard placed false assertions in the affidavit. *Franks v. Delaware*, supra; *Etchieson v. State*, supra; *Juarez v. State*, supra. Appellant's first ground of error is overruled.

In her second ground of error, appellant contends that the trial court abused its discretion in predicating its overruling of her motion to suppress upon consideration of the fruits of the search. Specifically appellant complains of the following statement made by the trial court prior to the overruling of the motion: "The fruits of the search warrant bear out the basis for the affidavit and the warrant." The court then went on to say that the overruling of the motion was based on the credibility and demeanor of the witnesses and upon the fact that the affidavits of the witnesses "were inadequate to support the motion in that it was

shown from the testimony that it was possible for the informant to observe that which he alleged that he observed."

It is unquestionable that the results of a search cannot be considered to determine whether there was probable cause for the search in the first place. *Hinson v. State*, 547 S.W.2d 277, 281 (Tex.Cr. App.). We find that the remark by the trial court in the instant case merely prefaced the statement cf the basis upon which the motion to suppress was overruled and the complained of statement did not constitute a conclusion that the fruits of the search were considered in the determination of probable cause. Moreover, the issue before the court at the hearing on the motion to suppress was whether the search warrant affidavit contained intentional misstatements by the affiant and not whether the facts in the affidavit set out probable cause. Appellant's second ground of error is overruled.

In her third ground of error, appellant contends that the court abused its discretion in refusing to require the State to disclose the identity of the confidential informant. She maintains that the testimony of the confidential informant would have been relevant to the issue of whether the affidavit contained false statements. Appellant further argues that in view of the holding in *Franks v. Delaware*, supra, the identity of the informant should be compelled even though the informant was not a participant in or a material witness to the commission of the offense.[2]

In *Etchieson v. State*, supra, this Court was faced with the identical issue now raised by appellant. There, in addition to challenging the affidavit under *Franks v.*

---

1. We note the following quote from *Franks v. Delaware*, supra:

   "The deliberate falsity or reckless disregard whose impeachment is permitted today is only that of the affiant, not of any non–governmental informant."

   Thus no Fourth Amendment violation occurs if the affiant had no reason to believe the information was false. Id., at footnote 8.

2. See *Roviaro v. United States*, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957) wherein the United States Supreme Court held that the identity of a confidential informant need not be revealed unless he played a material part in the commission of the offense; *Etchieson v. State*, supra; cf. *McCray v. Illinois*, 386 U.S. 300, 87 S.Ct. 1056, 18 L.Ed.2d 62 (1967) wherein the Supreme Court declined to require that an informer's identity always be disclosed at trial "let alone in a preliminary hearing to determine probable cause for an arrest or search."

*Delaware,* the defendant contended that the trial court erred in failing to require the State to disclose the identity of the informant. The evidence showed that the informant was not present at the time the defendant was arrested nor was the informant a participant in the offense. The defendant however argued that the informant could be a material witness as to whether or not the affiant relied on credible information in making his affidavit. We rejected this contention and held that the court did not err in failing to require disclosure of the informant's identity. *Roviaro v. United States,* supra.

■ With respect to the instant case, the evidence does not show that the informant was a participant in or a material witness to the commission of the offense. Therefore the trial court did not abuse its discretion in failing to require disclosure of the identity. *Etchieson v. State,* supra. Appellant's third ground of error is overruled.

In her fourth ground of error appellant contends that the trial court abused its discretion in considering an oral statement that she made to the arresting officers after she had requested to see her attorney. The complained of statement was admitted through the testimony of Officer Cleveland. The oral statement directed the officer to a small quantity of marihuana in a lamp table.

■ Assuming arguendo that the oral statement was in fact inadmissible, since this proceeding was tried before the court, it is presumed that the trial court disregarded any inadmissible evidence. See, *Komurke v. State,* 562 S.W.2d 230 (Tex.Cr. App.); *Kimithi v. State,* 546 S.W.2d 323 (Tex.Cr.App.). Appellant's fourth ground of error is overruled.

In ground of error number five, appellant challenges the sufficiency of the evidence linking her to more than four ounces of marihuana.

Officer Cleveland testified that as he and other officers began their search of appel-

lant's residence they discovered a brown paper sack containing 14 baggies of what was later proven to be marihuana. This sack was located partially under the bed of the one–bedroom residence. A set of weighing scales was found in a dresser in the bedroom. In addition, four marihuana plants 8 to 12 inches high were found growing in the backyard next to the house. The continued search of the residence produced a "bong" pipe containing residue which was located on the floor of a closet in the living room. Two more pipes were discovered on a shelf in the bedroom.

■ In a probation revocation proceeding the trial court is the sole trier of facts, credibility of witnesses and weight to be given to testimony. *Battle v. State,* 571 S.W.2d 20 (Tex.Cr.App.). The State satisfies its burden of proof when the greater weight of the credible evidence before the court creates a reasonable belief that a condition of probation has been violated as alleged. Id.[3]

■ To sustain a conviction for possession of marihuana the evidence must affirmatively link the accused to the contraband in such a manner that a reasonable inference arises that the accused knew of its existence and whereabouts. *Williams v. State,* 524 S.W.2d 705 (Tex.Cr.App.). Where the accused is not in exclusive possession of the premises, it cannot be concluded that he had knowledge of the contraband and control over it unless there are additional facts and circumstances which affirmatively link him to the contraband. *Herrera v. State,* 561 S.W.2d 175 (Tex.Cr. App.).

In *Ramirez v. State,* 543 S.W.2d 631 (Tex. Cr.App.) the defendant claimed that the evidence was insufficient to link him to more than four ounces of marihuana found in his home where he resided with another individual. The evidence revealed that marihuana in a quantity in excess of four ounces was discovered in the common areas of the house including marihuana plants

**3.** The fact that the trial court found that the State had sustained its burden beyond a rea- sonable doubt does not alter the burden of proof in a revocation of probation proceeding.

growing in the backyard. We said that it would be unreasonable to conclude that the defendant had never used these areas of the house in which he lived. The evidence is sufficient to sustain the conviction. See also *Pierce v. State*, 577 S.W.2d 253 (Tex.Cr. App.) (where marihuana found in every room of dwelling, much of it in plain view, defendant was not likely to be ignorant of its existence); *Shaw v. State*, 539 S.W.2d 887 (Tex.Cr.App.) (evidence sufficient where marihuana found in house occupied by appellant and her husband); *Villegas v. State*, 509 S.W.2d 314 (Tex.Cr.App.) (evidence sufficient where marihuana found in plain view, heroin found in closet in home where no one but appellants lived).

With respect to the instant case appellant resided at the premises with her husband. The search uncovered marihuana plants in the backyard, a sack containing 14 baggies of marihuana (13.02 ounces) located partially under the bed in the one–bedroom residence and various items of paraphernalia. We find that the evidence is sufficient to prove by a preponderance of the evidence that appellant knew of and exercised control over more than four ounces of marihuana. Appellant's fifth ground of error is overruled.

Next, appellant contends that the trial court abused its discretion in considering matters outside the record in revoking her probation. In announcing its decision to revoke probation the trial court made reference to the fact that Cheryl Faulkner, appellant's probation officer, testified that she had no idea what the appellant's testimony would be. Appellant argues that the record does not reflect such a statement by Faulkner and that the court considered a statement outside the record.

The trial court stated that he did not believe appellant's testimony that she had no knowledge of the marihuana and that the police planted it in her home. The court further stated that the basis upon which probation was revoked was that appellant knowingly possessed more than four ounces of marihuana and failed to avoid injurious and vicious habits. We find that

the record amply supports the trial court's finding that appellant committed the offense of possession of more than four ounces of marihuana. No error is shown.

Lastly, appellant contends that the trial court abused its discretion in finding that appellant failed to avoid vicious or injurious habits. We need not address this ground of error. One sufficient ground for revocation will support the trial court's order revoking probation. Since we have concluded that there was no abuse of discretion in revoking appellant's probation for committing the offense of possession of more than four ounces of marihuana, this contention need not be considered. *Jones v. State*, 571 S.W.2d 191 (Tex.Cr.App.); *Ross v. State*, 523 S.W.2d 402 (Tex.Cr.App.).

No abuse of discretion is shown in the court's action in revoking appellant's probation.

The judgment is affirmed.