IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-93-584-CR





ROOSEVELT HUTCHINS,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE


 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT



NO. 0932821, HONORABLE JON N. WISSER, JUDGE PRESIDING



 





PER CURIAM

 A jury found appellant guilty of possessing less than twenty-eight grams of cocaine. 
Texas Controlled Substances Act, 71st Leg., R.S., ch. 678, sec. 1, § 481.115, 1989 Tex. Gen.
Laws 2230, 2936 (Tex. Health & Safety Code Ann. § 481.115, since amended). The district
court assessed punishment at imprisonment for fifteen years. In his only point of error, appellant
contends the court erred by overruling his motion to suppress evidence.

 Austin police officer Joseph Stanish and a police cadet, Anthony Uballe, were
patrolling East 12th Street at approximately 2:00 a.m. on May 14, 1993. According to Stanish,
this is a high-crime area noted particularly for drug dealing. Stanish saw appellant, who was
standing on the sidewalk, drop a small plastic bag of the sort commonly used to hold controlled
substances. Stanish was acquainted with appellant, who had a reputation for selling "bimp," "a
term we use for fake dope."

 Stanish stopped his patrol car and instructed Uballe to detain appellant while he
retrieved the plastic bag. In the bag, Stanish saw a white powder residue that he suspected was
cocaine. Appellant was arrested and searched. Uballe found several rocks of what proved to be
crack cocaine in appellant's pockets. The white powder in the plastic bag was not tested and was
never positively identified.

 Appellant argues that the officers did not have probable cause to arrest him, that
the resulting search incident to his arrest was unlawful, and that the cocaine seized during that
search should have been suppressed. A peace officer may arrest an offender without a warrant
for any offense committed in the officer's presence or within his view. Tex. Code Crim. Proc.
Ann. art. 14.01(b) (West 1977). Probable cause to arrest exists when the facts and circumstances
within the officer's knowledge and of which he has reasonably trustworthy information are
sufficient to warrant an officer of reasonable caution in the belief that the suspect has committed
or is committing an offense. Amores v. State, 816 S.W.2d 407, 413 (Tex. Crim. App. 1991).

 Noting that no field test was conducted on the white powder contained in the plastic
bag and citing his reputation for selling "bimp," appellant argues that the officers did not have
probable cause to believe the substance in the plastic bag was contraband. We disagree. A
showing of probable cause does not require proof that the officers' suspicions were correct. A
practical, non-technical probability is all that is required. Miller v. State, 667 S.W.2d 773, 777
(Tex. Crim. App. 1984). Stanish had four years of experience as a police officer. Uballe had
seen powder cocaine during his training. Given the time and place, appellant's reputation, and
appellant's effort to discard the plastic bag when the officers approached, a reasonably prudent
officer with the training and experience of the officers in this cause would be warranted in the
belief that the substance in the plastic bag was contraband.

 Alternatively, appellant argues that Uballe arrested him before Stanish recovered
the plastic bag, and hence before probable cause to arrest existed. Appellant bases this argument
on a portion of Uballe's testimony during cross-examination at the suppression hearing. Uballe
answered affirmatively when asked, "And you stood there with my client handcuffed while he
went to retrieve that bag?" Stanish testified, however, that appellant was not arrested and cuffed
until after the bag with the white powder was recovered. The district court, as trier of fact at the
suppression hearing, was free to resolve any ambiguities in the testimony. Taylor v. State, 604
S.W.2d 175, 177 (Tex. Crim. App. 1980). Appellant concedes in his brief that under the
circumstances presented, the officers were justified in temporarily detaining him when they saw
him drop the plastic bag. The testimony supports the conclusion that appellant was not arrested
until after the bag and its contents were recovered.

 The district court did not abuse its discretion in finding that appellant's warrantless
arrest and search were lawful. The point of error is overruled and the judgment of conviction is
affirmed.


Before Justices Powers, Aboussie and B. A. Smith

Affirmed

Filed: October 26, 1994

Do Not Publish