TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-97-00593-CR






Joe Angel Machado, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF BELL COUNTY, 27TH JUDICIAL DISTRICT


NO. 38,698, HONORABLE C. W. DUNCAN, JUDGE PRESIDING







 Appellant Joe Angel Machado pleaded guilty to burglary of a building and was placed on
five years probation on January 31, 1990. On August 1, 1997, his probation was revoked. Machado now
appeals the revocation of his probation. We will affirm.

 A hearing on the State's Motion to Revoke Probation was held on July 24, 1997. After
hearing evidence on the motion, the trial court found that Machado violated the following conditions of his
probation:


  5. Report to the probation officer immediately upon release from custody.


10. Pay Court costs in the amount of $101.50 dollars to the Probation Office to be paid
$19.50 per month beginning 3/1/90.


12. Pay a supervisory fee to the Bell County Probation Office, Bell County, Texas, in
the amount of $10.00/first year or while in school/then increased to $40.00 per
month.


17. Defendant to complete fifty (50) hours of community service restitution.



In his first point of error, Machado contends that because the evidence showed that he was unable to fulfill
any of the conditions of his probation due to his incarceration or restraint and that he had completed some,
if not all, of his community service restitution, (1) the trial court abused its discretion in revoking his probation. 
Specifically, Machado argues that from January 1990 to July 1997, he was either in a county jail, the state
penitentiary, or a half-way house and thus unable to meet with his probation officer or pay his fees. 
Because the State failed to prove that his failure to report or pay his fees was intentional, the trial court's
revocation of his probation constituted an abuse of discretion.

 During the revocation hearing, Machado testified that from approximately October 1990
to sometime in 1991 he stayed in two half-way houses. He further testified that he was free to leave both
half-way houses to report to his Bell County probation officer but failed to do so because he thought that
by reporting to his Denton County probation officer on another case he would satisfy also his probation
condition in Bell County. Machado also admitted that after he was released from the second half-way
house he evaded probation in both Bell and Denton Counties, for approximately nine months to a year, until
he was arrested in Austin for an unrelated offense. (2) Based upon his own testimony, we find the evidence
was sufficient to prove by a preponderance of the evidence that Machado failed to report to his probation
officer as required under condition five of his probation order. See Flournoy v. State, 589 S.W.2d 705,
709 (Tex. Crim. App. 1979); see also Taylor v. State, 604 S.W.2d 175, 180 (Tex. Crim. App. 1980). 
Therefore, we conclude that the trial court did not abuse its discretion in revoking Machado's probation
based upon his failure to report to the Bell County probation officer.

 "Proof of any violation of the terms of probation will support an order revoking probation." 
O'Neal v. State, 623 S.W.2d 660, 661 (Tex. Crim. App. 1981) (citations omitted); Taylor, 604 S.W.2d
at 180 ("One sufficient ground for revocation will support the trial court's order revoking probation."). 
Since we have concluded that there was no abuse of discretion in revoking Machado's probation for
violating condition five of the probation order, we need not consider his challenges to the trial court's ruling
that he violated conditions ten, twelve, and seventeen of the probation order. Taylor, 604 S.W.2d at 180
(citing Jones v. State, 571 S.W.2d 191 (Tex. Crim. App. 1978); Ross v. State, 523 S.W.2d 402 (Tex.
Crim. App. 1975)). The first point of error is overruled.

 Machado argues in his second point of error that if we conclude the trial court did not
abuse its discretion in revoking his probation based solely upon his failure to report to his probation officer,
we should remand the case to the trial court to reform the order revoking probation to accurately reflect
the proper grounds for revocation. Having held that there was sufficient evidence supporting the revocation
based upon the violation of condition five, we did not consider Machado's sufficiency challenges to the
three additional probation conditions. Our decision not to address the sufficiency of the three additional
grounds for revocation raised in Machado's first point of error, however, does not constitute a finding by
this Court that the evidence was insufficient to support the trial court's additional grounds for revocation. 
Accordingly, we overrule Machado's second point of error.

 The order revoking probation is affirmed.



 

 Bea Ann Smith, Justice

Before Justices Powers, Aboussie and B. A. Smith

Affirmed

Filed: July 2, 1998

Do Not Publish

1. Machado contends he presented evidence that he completed the "Rose Course" to fulfill his
community service restitution. The record reveals the only evidence presented was through Machado's
testimony.
2. Machado concedes this point in his brief to this Court.


">

In his first point of error, Machado contends that because the evidence showed that he was unable to fulfill
any of the conditions of his probation due to his incarceration or restraint and that he had completed some,
if not all, of his community service restitution, (1) the trial court abused its discretion in revoking his probation. 
Specifically, Machado argues that from January 1990 to July 1997, he was either in a county jail, the state
penitentiary, or a half-way house and thus unable to meet with his probation officer or pay his fees. 
Because the State failed to prove that his failure to report or pay his fees was intentional, the trial court's
revocation of his probation constituted an abuse of discretion.

 During the revocation hearing, Machado testified that from approximately October 1990
to sometime in 1991 he stayed in two half-way houses. He further testified that he was free to leave both
half-way houses to report to his Bell County probation officer but failed to do so because he thought that
by reporting to his Denton County probation officer on another case he would satisfy also his probation
condition in Bell County. Machado also admitted that after he was released from the second half-way
house he evaded probation in both Bell and Denton Counties, for approximately nine months to a year, until
he was arrested in Austin for an unrelated offense. (2) Based upon his own testimony, we find the evidence
was sufficient to prove by a preponderance of the evidence that Machado failed to report to his probation
officer as required under condition five of his probation order. See Flournoy v. State, 589 S.W.2d 705,
709 (Tex. Crim. App. 1979); see also Taylor v. State, 604 S.W.2d 175, 180 (Tex. Crim. App. 1980). 
Therefore, we conclude that the trial court did not abuse its discretion in revoking Machado's probation
based upon his failure to report to the Bell County probation officer.

 "Proof of any violation of the terms of probation will support an order revoking probation." 
O'Neal v. State, 623 S.W.2d 660, 661 (Tex. Crim. App. 1981) (citations omitted); Taylor, 604 S.W.2d
at 180 ("One sufficient ground for revocation will support the trial court's order revoking probation."). 
Since we have concluded that there was no abuse of discretion in revoking Machado's probation for
violating condition five of the probation order, w