TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-97-00698-CR

Dan Jay Rohrscheib, Appellant

v.

The State of Texas, Appellee

FROM THE DISTRICT COURT OF JEFFERSON COUNTY, 252ND JUDICIAL DISTRICT

NO. 67818, HONORABLE LEONARD J. GIBLIN, JR., JUDGE PRESIDING

Appellant Dan Jay Rohrscheib was convicted of felony criminal mischief and
sentenced to imprisonment for three years. Imposition of sentence was suspended and appellant
was placed on community supervision. The district court later revoked supervision on the State's
motion and imposed sentence. Appellant contends this was an abuse of discretion because the
State did not prove the violations alleged and found.

Among other things, the State alleged and the district court found that appellant
violated the requirement that he not leave Jefferson County without the permission of his
community supervision officer. It was undisputed that appellant left Jefferson County and moved
to Michigan. Appellant argues, however, that there was no evidence that he did not have
permission to do so. He points to the probation officer's testimony that she knew appellant
planned to move to Michigan and that arrangements had been made to transfer his supervision to
that state. From this, he argues, it may be inferred that he had the officer's permission to move.

Appellant's argument overlooks certain crucial testimony. The probation officer
testified that when appellant came to her office to sign the documents required to transfer his
supervision to Michigan, "he began to scratch out some of the rules" and refused to sign. Asked
if appellant's supervision was transferred to Michigan, the officer answered, "It was not." Asked
if appellant had permission to go to Michigan, she answered, "He did not." This testimony is
clearly sufficient to support the district court's finding that appellant left Jefferson County without
the probation officer's permission.

Because the evidence supports one of the violations found by the district court, we
need not address the sufficiency of the evidence with respect to the other violations. Taylor v.
State, 604 S.W.2d 175, 180 (Tex. Crim. App. 1980). Finding no abuse of discretion, we affirm
the order revoking community supervision.

 

 Mack Kidd, Justice

Before Justices Kidd, B. A. Smith and Powers*

Affirmed

Filed: January 14, 1999

Do Not Publish

* Before John E. Powers, Senior Justice (retired), Third Court of Appeals, sitting by
assignment. See Tex. Gov't Code Ann. § 74.003(b) (West 1998).