TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-99-00380-CR






Carroll Forgy, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF BELL COUNTY, 27TH JUDICIAL DISTRICT


NO. 34,452, HONORABLE MARTHA J. TRUDO, JUDGE PRESIDING







 Carroll Forgy appeals from the district court's order revoking his probation based
on violations of three conditions. We will affirm the district-court order.

 On July 16, 1986, appellant pleaded no contest to theft. The district court assessed
punishment at ten years in prison, probated for ten years. On July 12, 1996, the State filed a
second amended motion to revoke probation. The State alleged that appellant violated several
probation conditions including: (1) condition five by failing to report to his probation officer in
May, September, and November of 1993, in August and November of 1994, as well as in
January, April, June, July, October, and November of 1995; (2) condition eleven by failing to pay
restitution; and (3) condition twelve by failing to pay a supervisory fee to the Bell County
Community Supervision and Corrections Department. There were several hearings on the motion
in December 1998 and February 1999, and finally on June 4, 1999, the court revoked appellant's
probation and imposed the ten-year prison sentence.

 Appellate review of probation revocation proceedings is limited to determining
whether the district court abused its discretion. See McDonald v. State, 608 S.W.2d 192, 199
(Tex. Crim. App. 1980). One sufficient ground for revocation will support a district court's order
revoking probation. See Taylor v. State, 604 S.W.2d 175, 180 (Tex. Crim. App. 1980).

 Appellant contends that although the State alleged he failed to report to his
probation officer on several occasions, the district court did not specifically find that his probation
was revoked for failing to report. We disagree with appellant's contention and note that the
district court's judgment specifically sets out that one of the bases for revocation was appellant's
failure to report on several occasions.

 Alternatively, and without citing any authority, appellant contends that his failures
to report should be excused because he did not abscond and his whereabouts were always known
to the Bell County probation department. At the December 18, 1998 hearing, Virgil McVey
testified that he was appellant's probation officer until January or February of 1994. McVey
recalled that appellant failed to report several times in 1993 but he could not recall exactly during
which months appellant failed to report. At the December 22, 1998 hearing, Justin Hunt,
appellant's probation officer from February 1994 through January 1997, testified that appellant
failed to report in August and November 1994 and January, April, June, July, October, and
November of 1995. While appellant argues that his failures to report should be excused, he does
not dispute the fact that he did not report to his probation officer on the dates alleged by the State
and proved at trial. We find no authority for excusing appellant's failures to report to his
probation officer. The district court did not abuse its discretion in revoking appellant's probation
based upon his failure to report to his probation officer on several occasions.

 Because one ground for revocation supports the district court's order, it is
unnecessary for us to address appellant's final issue regarding the alleged violations of probation
conditions that required him to pay restitution and a supervisory fee. We hold that appellant has
failed to show that the district court abused its discretion in revoking his probation. See Taylor,
604 S.W.2d at 180. We overrule appellant's issues.

 We affirm the district court's order.



 

 J. Woodfin Jones, Justice

Before Justices Jones, Yeakel and Patterson

Affirmed

Filed: March 2, 2000

Do Not Publish



L COUNTY, 27TH JUDICIAL DISTRICT


NO. 34,452, HONORABLE MARTHA J. TRUDO, JUDGE PRESIDING







 Carroll Forgy appeals from the district court's order revoking his probation based
on violations of three conditions. We will affirm the district-court order.

 On July 16, 1986, appellant pleaded no contest to theft. The district court assessed
punishment at ten years in prison, probated for ten years. On July 12, 1996, the State filed a
second amended motion to revoke probation. The State alleged that appellant violated several
probation conditions including: (1) condition five by failing to report to his probation officer in
May, September, and November of 1993, in August and November of 1994, as well as in
January, April, June, July, October, and November of 1995; (2) condition eleven by failing to pay
restitution; and (3) condition twelve by failing to pay a supervisory fee to the Bell County
Community Supervision and Corrections Department. There were several hearings on the motion
in December 1998 and February 1999, and finally on June 4, 1999, the court revoked appellant's
probation and imposed the ten-year prison sentence.

 Appellate review of probation revocation proceedings is limited to determining
whether the district court abused its discretion. See McDonald v. State, 608 S.W.2d 192, 199
(Tex. Crim. App. 1980). One sufficient ground for revocation will support a district court's order
revoking probation. See Taylor v. State, 604 S.W.2d 175, 180 (Tex. Crim. App. 1980).

 Appellant contends that although the State alleged he failed to report to his
probation officer on several occasions, the district court did not specifically find that his probation
was revoked for failing to report. We disagree with appellant's contention and note that the
district court's judgment specifically sets out that one of the bases for revocation was appellant's
failure to report on several occasions.

 Alternatively, and without citing any authority, appellant contends that his failures
to report should be excused because he did not abscond and his whereabouts were always known
to the Bell County probation department. At the December 18, 1998 hearing, Virgil McVey
testified that he was appellant's probation officer until January or February of 1994. McVey
recalled that appellant failed to report several times in 1993 but he could not recall exactly during
which months appellant failed to report. At the December 22, 1998 hearing, Justin Hunt,
appellant's probation officer from February 1994 through January 1997, testified that appellant
failed to report in August and November 1994 and January, April, June, July, October, and
November of 1995. While appellant argues that his failures to report should be excused, he does
not dispute the fact that he did not report to his probation officer on the dates alleged by the State
and proved at trial. We find no authority for excusing appellant's failures to report to his
probation officer. The district court did not abuse its discretion in revoking appellant's probation
based upon his failure to report to his probation officer on several occasions.

 Because one ground for revocation supports the district court's order, it is
unnecessary for us to address appellant's final issue regarding the alleged violations of probation
conditions that required him to pay restit