11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Isaac Dionico Guitron

Appellant

Vs.                   No.  11-04-00043-CR -- Appeal from Midland County

State of Texas

Appellee

 

Isaac Dionico Guitron was originally convicted of
the offense of robbery, and his punishment was assessed at 10 years confinement
and a $1,000 fine.  The imposition of the
confinement portion of the sentence was suspended, and appellant was placed on
community supervision for 10 years.  The
State filed a motion to revoke alleging that appellant violated the terms and
conditions of his community supervision. 
After a hearing on the motion, the trial court found that the
allegations were true, revoked appellant=s
community supervision, and sentenced appellant to 10 years confinement.  We affirm.

In his first issue on appeal, appellant complains
that the trial court erred in finding that he violated the terms and conditions
of his community supervision by committing the offense of Aaggravated assault.@[1]
Appellant contends that the evidence was insufficient to support the trial
court=s
finding.  In a community supervision
revocation hearing, the State has the burden of proving by a preponderance of the
evidence that a condition of community supervision has been violated.  Jenkins v. State, 740 S.W.2d 435
(Tex.Cr.App.1983).  The trial court is
the trier of fact, and it determines the weight and credibility of the
testimony.  Garrett v. State, 619
S.W.2d 172  (Tex.Cr.App.1981).  Appellate review of an order revoking
community supervision is limited to the issue of whether the trial court abused
its discretion.  Flournoy v. State,
589 S.W.2d 705 (Tex.Cr.App.1979).  Proof
of one alleged violation is sufficient to support an order revoking community
supervision.  McDonald v. State,
608 S.W.2d 192 (Tex.Cr.App.1980); Taylor v. State, 604 S.W.2d 175
(Tex.Cr.App.1980).








In its motion to revoke, the State alleged that
appellant violated the terms and conditions of his community supervision by
committing an offense against the laws of this State  in that:

[O]n
or about the 6th day of July 2003 in the County of Grimes and State of Texas,
[appellant], did then and there, intentionally, knowingly and recklessly cause
bodily injury to Flora Renee Barrientos by grabbing said Flora Renee Barrientos
and throwing said person on the floor and choking said Flora Renee Barrientos. 

 

Flora Renee Guitron,[2]
appellant=s wife,
testified at the hearing that on July 6, 2003, she and appellant got into an
argument after returning to their home from a prayer meeting.  Flora testified that appellant knocked her to
the floor twice and that he hit her on the head.  Flora further testified that appellant kicked
her and choked her.  Flora stated that
she was in fear for her life during the assault. Flora also testified that she
hit appellant, that appellant requested to leave the house, and that she placed
the couch in front of the door to prevent appellant from leaving.  Flora stated that she went to the district
attorney=s office
in an effort to have the charges against appellant dismissed.  

Appellant testified at the hearing that on July 6,
2003, he got into an argument with Flora. 
Appellant admitted that he pushed Flora to the ground and that he choked
her and kicked her. The evidence is sufficient to support the trial court=s finding that appellant violated the
terms and conditions of his community supervision.  Appellant=s
first issue on appeal is overruled.

In his second issue on appeal, appellant complains
that the trial court did not consider the full range of punishment.  At the conclusion of a revocation hearing,
the trial court may either continue, modify, or revoke the community
supervision.  Flournoy v. State, supra.  Appellant has not shown that the trial court
did not consider the full range of punishment in its decision to revoke his
community supervision.  Appellant=s second issue on appeal is overruled.

The judgment of the trial court is affirmed.

 

JIM R. WRIGHT

JUSTICE

 

July 28, 2005

Do not publish.  See
TEX.R.APP.P. 47.2(b).

Panel
consists of:  Arnot, C.J., and

Wright,
J., and McCall, J.











[1]The State alleged in its motion to revoke that
appellant violated the terms and conditions of his community supervision by
committing an offense against the laws of this State, by failing to report in
writing to the Midland County Community Supervision and Corrections Department,
and by failing to perform his required community service.  At the conclusion of the hearing, the trial
court found that Athe terms of the allegations were true.@  Appellant
complains on appeal only of the trial court=s finding
that he committed the offense of Aaggravated
assault.@  





[2]Flora Renee Guitron was formerly known as Flora Renee
Barrientos.