NO. 07-03-0535-CR
NO. 07-03-0536-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

SEPTEMBER 6, 2005
_____

JAMES POYNER,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE COUNTY COURT AT LAW NO. 1  OF LUBBOCK COUNTY;

NOS. 99-464,012 and 2000-468,536; HON. LARRY B. "RUSTY" LADD, PRESIDING
_____

***Memorandum Opinion***
_____

Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

Appellant, James Poyner, appeals from two orders revoking his community supervision granted in two separate prosecutions.  He had originally been convicted for driving while intoxicated in each case.  His sole issue on appeal involves the sufficiency of the evidence establishing that he violated a condition of his probation.  We affirm the orders of the trial court.

To remain on community supervision, appellant had to forego engaging in criminal conduct, among other things. Believing that he violated that condition by again driving a motor vehicle while drunk, the State moved to revoke his community supervision. Furthermore, the violation occurred when he left the scene of a house fire after drinking six to seven beers. The house in question was his own. Furthermore, according to appellant, he left at the direction of Miguel Castillo, one of the firefighters. Having acted pursuant to the directive of a firefighter, appellant claimed below and here that his conduct was somehow authorized.[1] And, being authorized, it did not constitute a criminal act.

At the revocation hearing, Castillo testified that he 1) "told [appellant] that if he *would like to* . . . if he didn't have a place to stay that he could stay at my house and that way *he could take* the kids over to my house", 2) "*asked* [appellant] to go to my house," 3) was not commanding him "as a law enforcement agent" to go to his house, and 4) was doing appellant a favor "[s]omewhat as a friend . . . ." (Emphasis added). Assuming *arguendo* that one can assert a claim of justification in a revocation proceeding, *see* TEX. PEN. CODE ANN. §9.21(d) (Vernon 2003) (stating that the "justification afforded by this section is available if the actor reasonably believes . . . his conduct is required or authorized to assist a public servant in the performance of his official duty . . . ."), Castillo's testimony could reasonably be interpreted as less than mandatory. Indeed, words such as "asked" and "if

---

[1]We note that appellant does not question whether he was intoxicated while he drove his vehicle. Rather, he simply says that his actions were involuntary because he was following the orders of a firefighter, and to ignore them would be criminal in and of itself. *See* TEX. PEN. CODE ANN. §38.15(a)(3) (Vernon 2003) (stating that a person commits an offense if with criminal negligence he interrupts, disrupts, impedes, or otherwise interferes with a firefighter while the firefighter is fighting a fire or investigating the cause of a fire). Thus, there is no need for this court to determine whether sufficient evidence illustrates that 1) he was intoxicated at the time or 2) he operated a motor vehicle while intoxicated. Again, those issues are undisputed.

you would like to" fall short of requiring action, or so a factfinder could have legitimately concluded. At the very least, they and the context in which they were uttered create a fact question regarding whether Castillo stripped appellant of his free will. And, as the factfinder, the trial court was free to interpret them and their context in the manner it selected. *See Taylor v. State,* 604 S.W.2d 175, 179 (Tex. Crim. App. 1980) (stating that at a revocation hearing, the trial court is the trier of fact and the sole judge of the credibility of the witnesses and the weight to be accorded the evidence). So, given the tenor of the words uttered by Castillo, the trial court had reasonable basis to conclude that appellant's decision to operate his truck while intoxicated was quite voluntary on his part.

We overrule appellant's only issue and affirm the orders of revocation.


Brian Quinn
Chief Justice

Do not publish.