NO.  07-10-0023-CR

                                                             

                                                   IN
THE COURT OF APPEALS

 

                                       FOR
THE SEVENTH DISTRICT OF TEXAS

 

                                                                 AT
AMARILLO

 

                                                                      PANEL
E

 

                                                           DECEMBER
2, 2010

 

                                            ______________________________

 

 

SAM
BOOKER, JR.,

 

                                                                                                            Appellant

                                                                             v.

 

                                                        THE STATE OF TEXAS, 

 

                                                                                                            Appellee

                                           _______________________________

 

   FROM
THE CRIMINAL DISTRICT COURT NUMBER ONE OF TARRANT COUNTY;

 

                             NO.
0922782D; HON. SHAREN WILSON, PRESIDING

                                           _______________________________

 

Memorandum Opinion

_______________________________

 

Before QUINN, C.J., HANCOCK, J., and BOYD, S.J.[1]

            In
this appeal, appellant Sam Booker, Jr. seeks reversal of the trial court’s
action in revoking his deferred adjudication probation, adjudging him guilty of
the offense of failing to register as a sex offender, and assessing his
punishment at three years confinement in the Institutional Division of the
Texas Department of Criminal Justice. 
Disagreeing that the record shows reversible error, we affirm the
judgment of the trial court.

            In submitting his appeal, appellant presents two issues
which, he contends, demonstrate the trial court reversibly erred in its
decision.  In his first issue, he argues
that there was insufficient evidence to show that he failed to timely pay his
required supervision fees or that he failed to complete the required one-third
of his sex offender treatment within the first year of his probation.  In his second issue, he contends that the
trial court erred in modifying and changing his conditions of probation by
adding the condition that he “successfully complete psychological counseling,
treatment, and aftercare sessions for sex offenders” almost four years after he
was initially placed on probation.  

The
standard by which we review a trial court’s revocation of probation is well
established.  The order revoking probation
is reviewed under an abuse of discretion standard. Rickels v. State, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006), quoting
Cardona v. State, 665 S.W.2d 492, 493 (Tex.
Crim. App. 1984).  In further
clarification, the Rickels court
instructs that in probation revocation cases such as the instant one in which
the sufficiency of the evidence is questioned, the burden of proof to sustain
the trial court’s action is by a preponderance of the evidence.  Id. at 763.  That is, the evidence must be sufficient to
“create a reasonable belief that the defendant has violated a condition of his
probation.”  Id. at 764.  In such a proceeding, the trial judge is the
sole judge of the credibility of the witnesses and the weight to be given their
testimony, Taylor v. State, 604 S.W.2d
175, 179 (Tex. Crim. App. 1980), and the appellate court reviews the evidence
in a light most favorable to the trial court’s ruling.  Cardona v. State, 665 S.W.2d at 493.  One violation of the conditions of probation
is sufficient to support a revocation of the probation.  Sanchez  v. 
State, 603 S.W.2d 869,
871 (Tex. Crim. App. 1980). 

In
its petition seeking the revocation, the State alleged that appellant had
failed to timely pay his required probation supervision fees and that he had
failed to complete the mandated one-third of his sex offender treatment within
the first year after that treatment was required.  This proceeding arises from appellant’s
September 2004 no-contest plea to a charge that, as a convicted sex offender,
he had failed to timely report in person to the Fort Worth police his intended
change of residence.  His probation was
modified three times in April, July, and August of 2008.  His August 2008 modification required him to
submit to sex offender treatment evaluations as directed by his supervision
officer with the treatment to be completed within three years. In that
modification, it was provided that if appellant completed one-third of the
treatment within a year, an extension of the probationary term would be considered
by the trial court.  

 At the revocation hearing, although appellant
testified that he eventually made his payments, appellant’s probation
supervisor, Judith Choate, testified that appellant did not pay his probation
fees during that period alleged in the revocation petition.  Ms. Choate also testified that appellant did
not meet the sex offender treatment goals and evaluations required under the
2008 modification of his probation.

Appellant
averred that in order to accomplish the treatment goals, he had to do homework
and complete responses which he could not do because he could not read or
write.  However, Ms. Choate stated that
he could have received help from the probation office had he requested it. She
said that appellant had not taken the treatment procedure seriously, and that
he blamed everyone else for his troubles rather than himself.

Dr.
Mike Strain, a sex offender therapist, said that although appellant did have
problems reading and writing, his slow progress was caused by “his not being
very motivated . . . to do the goals and to accept information [they] were
working on in treatment.”  Dr. Strain
also testified that most of the treatment goals could have been completed by
appellant on available cassette tapes. 
He averred that appellant understood the cassette tape procedure and had
put on tape a list of rules related to a child avoidance plan used by
probationers such as himself.

In
sum, viewed in the light by which we review evidence in appeals such as this
one, we cannot say the trial court abused its discretion in assessing the
evidence and revoking appellant’s probation.  Appellant’s first point is overruled.

In
his second point, appellant contends that the trial court erred by modifying
his probation conditions.  He was
originally placed on probation on September 30, 2004.  Subsequently, on August 27, 2008, his
probation conditions were modified, and included in that modification was the
condition that he “successfully complete psychological counseling, treatment,
and aftercare sessions for sex offenders.” 
As we have noted, the violation of this condition was one of the things
that led to the revocation which is the subject of this appeal.  However, §11(a) of article 42.12 of the Texas
Code of Criminal Procedure specifically provides that the court may, “at any
time during the period of community supervision, alter or modify the conditions,”
and that the judge “may impose any reasonable condition that is designed to
protect or restore . . . the victim, or punish, rehabilitate, or reform the
defendant.”  Tex. Code  Crim. Proc. Ann. art. 42.11 §11(a) (Vernon Supp. 2010).  Additionally, we note the condition
specifically provided that even though the required sex offender treatment was
expected to take three years and appellant had only one year left on his
probation term, if appellant successfully completed one-third of the required
treatment within one year, an extension would be considered.  Thus, appellant would not be in danger of
being revoked, even though he had not completed the full course within the one
year.  Thus, the trial court did not act
beyond its discretion in adding the condition. 
Appellant’s second point is overruled.

In
sum, both of appellant’s points are overruled, and the judgment of the trial
court is affirmed.

 

                                                            John
T. Boyd

                                                          Senior Justice

Do
not publish.

 

 

 

 

 

 











[1]John T. Boyd, Senior Justice,
sitting by assignment.