NO. 07-10-0023-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

DECEMBER 2, 2010

_____

SAM BOOKER, JR.,

Appellant

v.

THE STATE OF TEXAS,

Appellee

_____

FROM THE CRIMINAL DISTRICT COURT NUMBER ONE OF TARRANT COUNTY;

NO. 0922782D; HON. SHAREN WILSON, PRESIDING

_____

*Memorandum Opinion*

_____

Before QUINN, C.J., HANCOCK, J., and BOYD, S.J.[1]

In this appeal, appellant Sam Booker, Jr. seeks reversal of the trial court's action in revoking his deferred adjudication probation, adjudging him guilty of the offense of failing to register as a sex offender, and assessing his punishment at three years

_____

[1]John T. Boyd, Senior Justice, sitting by assignment.

confinement in the Institutional Division of the Texas Department of Criminal Justice. Disagreeing that the record shows reversible error, we affirm the judgment of the trial court.

In submitting his appeal, appellant presents two issues which, he contends, demonstrate the trial court reversibly erred in its decision. In his first issue, he argues that there was insufficient evidence to show that he failed to timely pay his required supervision fees or that he failed to complete the required one-third of his sex offender treatment within the first year of his probation. In his second issue, he contends that the trial court erred in modifying and changing his conditions of probation by adding the condition that he "successfully complete psychological counseling, treatment, and aftercare sessions for sex offenders" almost four years after he was initially placed on probation.

The standard by which we review a trial court's revocation of probation is well established. The order revoking probation is reviewed under an abuse of discretion standard. *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006), *quoting Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984). In further clarification, the *Rickels* court instructs that in probation revocation cases such as the instant one in which the sufficiency of the evidence is questioned, the burden of proof to sustain the trial court's action is by a preponderance of the evidence. *Id*. at 763. That is, the evidence must be sufficient to "create a reasonable belief that the defendant has violated a condition of his probation." *Id*. at 764. In such a proceeding, the trial judge is the sole judge of the credibility of the witnesses and the weight to be given their testimony, *Taylor v. State*, 604 S.W.2d 175, 179 (Tex. Crim. App. 1980), and the

appellate court reviews the evidence in a light most favorable to the trial court's ruling. *Cardona v. State*, 665 S.W.2d at 493. One violation of the conditions of probation is sufficient to support a revocation of the probation. *Sanchez v. State*, 603 S.W.2d 869, 871 (Tex. Crim. App. 1980).

In its petition seeking the revocation, the State alleged that appellant had failed to timely pay his required probation supervision fees and that he had failed to complete the mandated one-third of his sex offender treatment within the first year after that treatment was required. This proceeding arises from appellant's September 2004 no-contest plea to a charge that, as a convicted sex offender, he had failed to timely report in person to the Fort Worth police his intended change of residence. His probation was modified three times in April, July, and August of 2008. His August 2008 modification required him to submit to sex offender treatment evaluations as directed by his supervision officer with the treatment to be completed within three years. In that modification, it was provided that if appellant completed one-third of the treatment within a year, an extension of the probationary term would be considered by the trial court.

At the revocation hearing, although appellant testified that he eventually made his payments, appellant's probation supervisor, Judith Choate, testified that appellant did not pay his probation fees during that period alleged in the revocation petition. Ms. Choate also testified that appellant did not meet the sex offender treatment goals and evaluations required under the 2008 modification of his probation.

Appellant averred that in order to accomplish the treatment goals, he had to do homework and complete responses which he could not do because he could not read or write. However, Ms. Choate stated that he could have received help from the probation

office had he requested it. She said that appellant had not taken the treatment procedure seriously, and that he blamed everyone else for his troubles rather than himself.

Dr. Mike Strain, a sex offender therapist, said that although appellant did have problems reading and writing, his slow progress was caused by "his not being very motivated . . . to do the goals and to accept information [they] were working on in treatment." Dr. Strain also testified that most of the treatment goals could have been completed by appellant on available cassette tapes. He averred that appellant understood the cassette tape procedure and had put on tape a list of rules related to a child avoidance plan used by probationers such as himself.

In sum, viewed in the light by which we review evidence in appeals such as this one, we cannot say the trial court abused its discretion in assessing the evidence and revoking appellant's probation. Appellant's first point is overruled.

In his second point, appellant contends that the trial court erred by modifying his probation conditions. He was originally placed on probation on September 30, 2004. Subsequently, on August 27, 2008, his probation conditions were modified, and included in that modification was the condition that he "successfully complete psychological counseling, treatment, and aftercare sessions for sex offenders." As we have noted, the violation of this condition was one of the things that led to the revocation which is the subject of this appeal. However, §11(a) of article 42.12 of the Texas Code of Criminal Procedure specifically provides that the court may, "at any time during the period of community supervision, alter or modify the conditions," and that the judge "may impose any reasonable condition that is designed to protect or restore . . .

the victim, or punish, rehabilitate, or reform the defendant." Tex. Code Crim. Proc. Ann. art. 42.11 §11(a) (Vernon Supp. 2010). Additionally, we note the condition specifically provided that even though the required sex offender treatment was expected to take three years and appellant had only one year left on his probation term, if appellant successfully completed one-third of the required treatment within one year, an extension would be considered. Thus, appellant would not be in danger of being revoked, even though he had not completed the full course within the one year. Thus, the trial court did not act beyond its discretion in adding the condition. Appellant's second point is overruled.

In sum, both of appellant's points are overruled, and the judgment of the trial court is affirmed.


John T. Boyd
Senior Justice

Do not publish.