AFFIRM; Opinion issued February 5, 2013.



In The

# Court of Appeals
## Fifth District of Texas at Dallas

No. 05-11-00157-CR

AARON LEE MALONE, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court No. 2
Dallas County, Texas
Trial Court Cause No. F08-39160-1

## OPINION

Before Justices Bridges, Lang, and Richter[1]
Opinion By Justice Richter

Appellant was charged with aggravated sexual assault and agreed to plead guilty to the State's offer of seven years deferred adjudication for a reduced charge of aggravated assault. Two months later, the State filed a motion to adjudicate guilt alleging that appellant violated the conditions of his community supervision. Following a hearing, the trial court found that appellant violated the conditions of community supervision, adjudicated guilt, and sentenced appellant to sixty years' imprisonment. In two issues on appeal, appellant contends the trial court abused its discretion in adjudicating his guilt and revoking his

---

[1] The Honorable Martin E. Richter, Retired Justice, sitting by assignment.

community supervision and erred in admitting recordings of jail telephone calls. Finding no reversible error, we affirm the trial court's judgment.

### *The Adjudication of Guilt*

The State's motion to adjudicate guilt alleged appellant violated the conditions of his community supervision by: (1) failing to follow the laws and regulations defining his duty to register as a sex offender; (2) not complying with sex offender registration; and (3) failing to notify his probation officer within twenty-four hours of his change of address. Appellant contends the State failed to prove any of these three violations by a preponderance of the evidence. We disagree.

A trial court's order revoking probation is reviewed under an abuse of discretion standard. *See Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006). The trial court abuses its discretion when it acts "without reference to any guiding rules and principles, or acts in a manner that is arbitrary or capricious." *Montgomery v. State*, 810 S.W.2d 372, 392 (Tex. Crim. App. 1990). The State must prove a violation of the conditions of community supervision by a preponderance of the evidence. *Rickels*, 202 S.W.3d at 763. In conducting our review, we view the evidence in the light most favorable to the trial court's ruling. *See Garrett v. State*, 619 S.W.2d 172, 174 (Tex. Crim. App. [Panel Op.] 1981).

In a hearing on a motion to revoke probation, the trial court is the sole trier of fact, and is also the judge of the credibility of the witnesses and the weight to be given their testimony. *Taylor v. State*, 604 S.W.2d 175, 179 (Tex. Crim. App. 1980). Where more than one violation is alleged, proof of any one of the violations is sufficient to sustain the trial

court's order. *Smith v. State*, 286 S.W.3d 333, 342 (Tex. Crim. App. 2009).

The general registration requirement is set forth article 62.051 of the Texas Code of Criminal Procedure and provides that a person with a reportable conviction or who is required to register as a condition of community supervision must register with the local law enforcement authority in any municipality where the person resides or intends to reside for more than seven days. TEX. CODE. CRIM. PROC. art. 62.051(a) (West 2012 Supp.). If the person does not reside or intend to reside in a municipality, then the person must register in the county where the person resides or intends to reside for more than seven days. *Id.* The person shall satisfy the requirements of this subsection not later than the later of: (1) the seventh day after the person's arrival in the municipality or county or (2) the first date the local law enforcement authority of the municipality or county by policy allows the person to register. *Id.*

At the hearing on the State's motion to adjudicate guilt, a pre-sentence application dated May 17 was admitted into evidence in which appellant had handwritten "600 McArthur, Coppell, TX" (the "Coppell address") in the field entitled "Current address." Officer John Craddock, appellant's probation officer, testified that appellant personally reported this same address to the court supervision officer, Officer Harold Martin, on May 26 immediately following his release from jail. Officer Craddock informed the trial court that appellant again reported the Coppell address to him during a visit on June 4. Within a document entitled "Client's Monthly Report" dated June, 4, 2010, appellant handwrote the Coppell address in the spaces designated for his address and circled "no" in response to a

question asking if he had changed his residence. Texas Department of Public Safety ("DPS") records admitted into evidence without objection, reflected that appellant did not register in Coppell. Thus, despite assuming residence in Coppell, the record reflects that as of June 8, 2010, appellant had not registered in Coppell.

But appellant insists the evidence is insufficient because the DPS records are not credible. According to appellant, the DPS records are missing a notation that he was in custody on May 24, and "an entry showing a pre-release notification form the Court and the Dallas County Sheriff's Department." Appellant fails to explain, however, how the absence of these records might relate to or impact the integrity of the DPS records that were admitted into evidence. In the absence of any correlation, we cannot conclude the evidence that was admitted is insufficient to support appellant's conviction.

Appellant also argues that he attempted to register but was not allowed to do so. This argument is premised on article 62.051(a) of the code of criminal procedure which provides that one may comply with the registry requirements within either a seven-day window or the first date the local law enforcement authority of the municipality or county allows the person to register. See TEX. CODE CRIM. PROC. ANN. art. 62.051(a). In support of this argument, appellant relies on a note to Detective Barton he left with the Coppell Police Department. This note, which is dated June 2, states:

> I was here to talk to you about the registration. I told you if you didn't call me back yesterday, I would be up here to see you. You have my address 600 McArthur Blvd. Apt. 1822 Coppell, TX 75019. Call me at your earliest convenience.

Although the note establishes appellant contacted Detective Barton, there is nothing in the record that demonstrates appellant attempted to register and was refused. There is also no indication that Detective Barton was unable or refused to meet with appellant upon receipt of the note. Moreover, the note is further evidence that appellant was, in fact, residing in Coppell. Based on the evidence in the record, the trial court could reasonably have rejected appellant's assertion that he was not allowed to register. Viewing all the evidence in a light most favorable to the trial court's ruling, we conclude the State met its burden to prove that appellant failed to satisfy his duty to register as a sex offender. Therefore, the trial court did not abuse its discretion in revoking appellant's community supervision and adjudicating appellant's guilt. Appellant's first issue is overruled.

In his second issue, appellant argues the trial court erred in admitting two audio recordings of jail telephone calls into evidence because they were not properly authenticated. According to appellant, the State did not establish that the male voice in the recordings belonged to him. We disagree.

We review the trial court's decision to exclude or admit evidence under an abuse of discretion standard. *McDonald v. State*, 179 S.W.3d 571, 576 (Tex. Crim. App. 2005). "The trial judge does not abuse his or her discretion in admitting evidence where he or she reasonably believes that a reasonable juror could find that the evidence has been authenticated or identified." *Druery v. State*, 225 S.W.3d 491, 502 (Tex. Crim. App. 2007). "The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its

proponent claims." TEX. R. EVID. 901(a); *see also Angleton v. State*, 971 S.W.2d 65, 67 (Tex. Crim. App. 1998).

Exhibits 14 and 15, the exhibits about which appellant complains, are recordings of telephone conversations between appellant and Lorraine Robinson, the mother of appellant's son Zachary. These telephone conversations occurred while appellant was incarcerated. The recordings were introduced into evidence through Scott Seacat, the inmate phone technician for the Dallas County jail. The exhibits list the "inmate ID" as "2233286" and the "Inmate Name" as "Malone, Aaron Lee." Seacat confirmed that Exhibits 14 and 15 are recordings of calls he downloaded and that the calls are calls made by an inmate named "Aaron Malone."

During a voir dire examination of Seacat, appellant established that Seacat could not identify the voices on the recordings. Seacat also admitted that there are occasions when inmates steal the numbers of other inmates to make calls. Upon conclusion of the voir dire examination, the trial court overruled appellant's objection that the recordings had not been properly authenticated.

In challenging the admissibility of the evidence, appellant ignores the internal characteristics of the calls. In each of the recordings, the parties discuss an individual named "Zachary." In Exhibit 14, the male caller states that he registered on June 21, and the record reflects that appellant registered as a sex offender with the Irving Police Department on June 21. In Exhibit 15, the male caller identifies himself as "Aaron." Therefore, considering both the external characteristics of the evidence as described by Seacat and the internal

characteristics of the evidence described above, we cannot conclude the trial court erred in admitting the recordings into evidence. See TEX. R. EVID. 901(b)(4) (stating appearance, contents, substance, internal patterns or other distinctive characteristics considered in authentication). Appellant's second issue is overruled.

Having resolved all of appellant's issues against him, we affirm the trial court's judgment.

_____
MARTIN RICHTER
JUSTICE

Do Not Publish
TEX. R. APP. P. 47

110157F.U05



# Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

AARON LEE MALONE, Appellant

No. 05-11-00157-CR     V.

THE STATE OF TEXAS, Appellee

Appeal from the Criminal District Court No. 2 of Dallas County, Texas. (Tr.Ct.No. F08-39160-1).
Opinion delivered by Justice Richter, Justices Bridges and Lang participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered February 5, 2013.

_____
MARTIN RICHTER
JUSTICE