

# IN THE
# TENTH COURT OF APPEALS

_____

**No. 10-13-00300-CR**
**No. 10-13-00301-CR**

**MILTON JARROD BROWN,**

**Appellant**

 **v.**

**THE STATE OF TEXAS,**

**Appellee**

_____

**From the 40th District Court**
**Ellis County, Texas**
**Trial Court Nos. 37454CR and 37455CR**

_____

## MEMORANDUM OPINION

_____

Milton Jarrod Brown was convicted of two separate offenses of possession of a controlled substance with the intent to deliver and sentenced to 20 years in prison for one offense, appellate case number 10-13-00300-CR, and 80 years in prison for the other offense, appellate case number 10-13-00301-CR. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.112 (West 2010). Because the trial court did not abuse its discretion in failing to

require the State to reveal the name of its confidential informant, the trial court's judgments are affirmed.

A search warrant was issued to search a location in Waxahachie, Texas for controlled substances, currency, and materials used in the manufacture and distribution of controlled substances. Brown, who was the not subject of the search warrant, was arrested for possession of a controlled substance during the execution of the search warrant at the location specified in the search warrant. At a pretrial hearing on Brown's motion to suppress, Brown asked the State to reveal the name of the confidential informant (CI) mentioned in the search warrant's probable cause affidavit. The State objected. After a review of the rule of evidence pertaining to confidential informants, a review of the probable cause affidavit, which was introduced into evidence, and consideration of the testimony of the officer who swore to the affidavit, the trial court denied Brown's request. Specifically, the trial court stated on the record, "… I don't see that a case has been made by the defense for reviewing the identity of the confidential informer. We're taking time to go through this because it is an important issue."

In his sole issue for each appeal, Brown contends the trial court erred in failing to require the State to reveal the identity of the CI because the CI was unreliable and not credible. Specifically, Brown complains that the trial court should have investigated further into the reliability and credibility of the CI.

Generally, the State has a privilege to refuse to disclose the identity of a CI who has furnished information to a law enforcement officer conducting an investigation. *See* TEX. R. EVID. 508(a); *Long v. State*, 137 S.W.3d 726, 731-732 (Tex. App.—Waco 2004, pet. ref'd). However, the Rule provides for three exceptions. TEX. R. EVID. 508(c)(1)-(3). The privilege does not apply if the informer's identity has been voluntarily disclosed, if the informer may be able to give testimony necessary to a fair determination of guilt, or if a judge is not satisfied that information was obtained from an informer reasonably believed to be reliable. *Bodin v. State*, 807 S.W.2d 313, 317 (Tex. Crim. App. 1991); *Long*, 137 S.W.3d at 732. Brown relies on the third exception.

The defendant has the threshold burden of demonstrating that identity must be disclosed. *Rugendorf v. United States*, 376 U.S. 528, 84 S. Ct. 825, 11 L.Ed.2d 887 (1964); *Bodin*, 807 S.W.2d at 318. This initial burden has been described as a "plausible showing." *Long*, 137 S.W.3d at 732; *Bodin*, 807 S.W.2d at 318. We review a trial court's denial of a motion to disclose a CI under an abuse of discretion standard. *See Taylor v. State*, 604 S.W.2d 175, 179 (Tex. Crim. App. 1980).

Brown argues that because the CI did not make the last controlled buy from Brown, the CI's information was not credible and was unreliable. We disagree with Brown. The location, not Brown, was the subject of the search warrant. Further, the probable cause affidavit showed that the CI had made several controlled buys from Brown at the specified location, had participated in about 30 controlled buys for illegal

drugs with law enforcement, and was believed to be credible and reliable by Officer Anthony Welling, the affiant for the probable cause affidavit. At the hearing on Brown's motion to suppress, Welling testified that he had used the CI before and found the CI to be credible and reliable. That the CI made a controlled buy at the subject location, from someone other than Brown, within 72 hours before the search warrant was issued is of no consequence under these facts with regard to the credibility of the CI for the issuance of a search warrant of the location where the drugs were purchased. Brown was present when the search warrant was executed and was arrested and charged, not on the basis of the search warrant but because he was in possession of drugs to be seized under the search warrant. The fact that the last purchase of drugs by the CI at that location was not from Brown does not have any bearing on the credibility of the CI as to the basis for issuing the search warrant at issue. Thus, under these circumstances, Brown's complaint would not justify a trial court to conclude that information was received from a CI who was unreliable or not credible.

Accordingly, the trial court did not abuse its discretion in failing to *sua sponte* conduct a more extensive investigation into the reliability of the CI or in refusing to disclose the identity of the CI. Brown's sole issue in each appeal is, therefore, overruled, and the trial court's judgments are affirmed.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
  Justice Davis, and
  Justice Scoggins
Affirmed
Opinion delivered and filed May 1, 2014
Do not publish
[CRPM]