MIKE JIMENEZ V. THE STATE OF TEXAS



NO. 07-05-0038-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



AUGUST 11, 2005



______________________________



MIKE JIMENEZ, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE


_________________________________



FROM THE 64TH DISTRICT COURT OF HALE COUNTY;



NO. A14683-0210; HONORABLE ROBERT W. KINKAID, JR., JUDGE


_______________________________




Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

MEMORANDUM OPINION


 Appellant Mike Jimenez brings this appeal from the revocation of his community
supervision. We affirm the revocation.

 Appellant was charged on October 16, 2002 by indictment with the felony offense
of theft of $1,500 or more, but less than $20,000. He was convicted on May 8, 2003 by the
64th District Court of Hale County on his plea of guilty pursuant to a plea agreement. 
Punishment was assessed in conformity with the plea agreement at two years confinement
in the Texas Department of Criminal Justice Institutional Division, a fine of $250.00,
$258.00 in court costs, $250.00 in attorney's fees, and $2,646.73 in restitution. Also, in
compliance with the plea agreement, imposition of the sentence was suspended for a
period of three years, conditioned on appellant's compliance with the terms of his
community supervision. 

 The State filed a motion to revoke appellant's community supervision on June 19,
2003 and an amended motion to revoke appellant's community supervision on July 24,
2003. The trial court heard the amended motion to revoke on October 10, 2003 and
entered an order continuing appellant's community supervision and adding conditions. 

 On October 21, 2004, the State filed another motion to revoke appellant's
community supervision and filed an amended motion to revoke on December 27, 2004. 
Specifically, in its amended motion, the State alleged appellant violated the conditions of
his community supervision as follows:


 Defendant has committed an offense against the law of this or any
other State or the United States; to-wit:
 
 On or about the 5th day of July 2004, in the County of Terry,
State of Texas, the defendant did then and there, unlawfully
appropriate, by acquiring or otherwise exercising control over
property, to-wit: computer desk, of the value of $500.00 or
more but less than $1500.00 from Pepper Brock, the owner
thereof, with intent to deprive the owner of property.
 


 


 
 On or about the 5th day of July 2004, in the County of Terry,
State of Texas, the defendant did then and there, unlawfully
appropriate, by acquiring or otherwise exercising control over
property, to-wit: 19" Sony TV, Twin bed, Computer Desk,
Home Stereo, Table with Chairs and Set of end tables, of the
value of $500.00 or more but less than $1500.00 from Pepper
Brock, the owner thereof, with intent to deprive the owner of
the property.
 On or about the 2nd day of July 2004, in the County of Terry,
State of Texas, the defendant did then with intent to commit
theft enter a building or a portion of a building not then open to
the public without the effective consent of Harvey Cottrell, the
owner thereof.
 On or about the 1st day of July 2004, in the County of Terry,
State of Texas, the defendant did then with intent to commit
theft enter a building or a portion of a building not then open to
the public without the effective consent of Harvey Cottrell, the
owner thereof. 
 


 

 At a January 17, 2005 revocation hearing, appellant pled not true to the State's
allegations 1a, 1b, and 1c. Appellant pled true to State's allegation 1d. The State called
one witness (appellant's supervision officer) and offered two exhibits (a Terry County court
document showing the conviction of appellant for the offense of burglary of a building and
the stipulation of evidence) into evidence. The defense called appellant as its sole witness. 

 At the conclusion of the hearing, the court found appellant had violated a condition
of his community supervision as stated by allegation 1d of the State's amended motion to
revoke. The trial court then revoked appellant's community supervision. The court ordered
him to serve the original sentence imposed on his conviction. Appellant timely filed a notice
of appeal and the trial court appointed counsel on appeal.

 Appellant's counsel has filed a brief stating that he has carefully reviewed the record
in this case and concludes there is no reversible error and that the appeal is frivolous. See
Anders v. California, 386 U.S. 738, 744-45 (1967). The brief discusses the factual and
procedural history of the case and evidence presented. Counsel also has filed a motion
to withdraw and, by letter, informed appellant of his right to file a pro se brief. Johnson v.
State, 885 S.W.2d 641, 646 (Tex. App.-Waco 1994, pet. ref'd). 

 By letter dated April 4, 2005, this court also notified appellant of his opportunity to
submit a response to the Anders brief and motion to withdraw filed by his counsel, granting
him until May 4, 2005 to do so. This court's letter also reminded appellant to contact his
counsel if he needed to review any part of the appellate record to prepare a response. 
Appellant has not filed a brief or other response.

 In conformity with the standards set out by the United States Supreme Court, we will
not rule on the motion to withdraw until we have independently examined the record. 
Nichols v. State, 954 S.W.2d 83, 86 (Tex. App.-San Antonio 1997, no pet.). If this court
determines the appeal has merit, we will remand it to the trial court for appointment of new
counsel. Stafford v. State, 813 S.W.2d 503, 511 (Tex.Crim.App. 1991).

 Appellate review of a revocation order is limited to determining whether the trial court
abused its discretion. Cardona v. State, 665 S.W.2d 492, 493 (Tex.Crim.App. 1984);
Jackson v. State, 645 S.W.2d 303, 305 (Tex.Crim.App. 1983). The trial court abuses its
discretion in revoking community supervision if the State fails to meet its burden of proof. 
Cardona, 665 S.W.2d at 493-94. In a revocation proceeding, the State must prove by a
preponderance of the evidence that appellant violated a condition of community supervision
as alleged in the motion to revoke. Cobb v. State, 851 S.W.2d 871, 874 (Tex.Crim.App.
1993). The trial judge in such a proceeding is the sole trier of fact. Taylor v. State, 604
S.W.2d 175, 179 (Tex.Crim.App. 1980). 

 At his revocation hearing, appellant pled true to the State's allegation 1d that "[o]n
or about the 1st day of July 2004, in the County of Terry, State of Texas, the defendant did
then with intent to commit theft enter a building or a portion of a building not then open to
the public without the effective consent of Harvey Cottrell, the owner thereof." When the
State alleges more than one violation, proof of any one of them will support revocation.
Moore v. State, 605 S.W.2d 924, 926 (Tex.Crim.App. [Panel Op.] 1980). A defendant's
plea of true to an alleged violation, standing alone, is sufficient to support the revocation. 
Moses v. State, 590 S.W.2d 469, 470 (Tex.Crim.App. 1979).

 Our review convinces us that appellate counsel conducted a complete review of the
record. We have also made an independent examination of the entire record to determine
whether there are any arguable grounds which might support the appeal. See Stafford,
813 S.W.2d at 511. We agree it presents no meritorious grounds for review. The trial court
did not abuse its discretion in revoking appellant's community supervision. We grant
counsel's motion to withdraw and affirm the judgment of the trial court. 


 James T. Campbell

 Justice




Do not publish. 

 



61" SemiHidden="false"
 UnhideWhenUsed="false" Name="Light List Accent 2"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO.
07-10-0107-CV

 

IN THE COURT OF APPEALS

 

FOR THE SEVENTH DISTRICT OF TEXAS

 

AT AMARILLO

 

PANEL B

 



JUNE 23, 2010

 



 

JIM JONES TRIGG, JR.,
Attorney in Fact For 

MARY JANE TRIGG,  

                                                                                         Appellant

v.

 

PATTI T. MOORE,  

                                                                                         Appellee

_____________________________

 

FROM
THE 423RD DISTRICT COURT OF BASTROP COUNTY;

 

NO.
423,500; HONORABLE CHRISTOPHER DARROW DUGGAN, PRESIDING

 



 

Order

 



 

Before QUINN, C.J., and
CAMPBELL and HANCOCK, JJ.

 

Pending
before the court is Pattie T. Moores motion to dismiss the appeal of Jim Jones
Trigg, Jr., as attorney in fact for Mary Jane Trigg.  We deny it.

            Moore requests dismissal because
Trigg moved to non-suit his original petition against Moore, sought to withdraw
the non-suit, and filed a second action allegedly involving the same claims and
parties.  However, she fails to cite us
to any authority, much less authority holding that an appeal can be dismissed
simply because it emanates from a non-suit of a claim that has been re-filed.  Nor do we find any want of jurisdiction for
the notice of appeal was perfected within 30 days of the date the trial court
signed its order of dismissal.  In re Bennett, 960 S.W.2d 35, 38 (Tex.
1997) (stating that the appellate timetable begins once the formal order of
dismissal is signed).

            Finally, it seems as though the
eventual issue before us will entail the ability of the trial court to dismiss
a proceeding per a motion to non-suit after the movant
withdraws his motion.  By seeking
dismissal of this appeal, Moore effectively is asking us to address that matter
without the benefit of briefing by either party.  We opt not to accept her invitation to
circumvent the rules of appellate procedure, especially Rule 38 (the rule
applicable to briefing).

            The motion to dismiss this appeal is
denied.  

                                                                                    Per
Curiam