NO. 07-05-0038-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

AUGUST 11, 2005

_____

MIKE JIMENEZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 64TH DISTRICT COURT OF HALE COUNTY;

NO. A14683-0210; HONORABLE ROBERT W. KINKAID, JR., JUDGE

_____

Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

**MEMORANDUM OPINION**

Appellant Mike Jimenez brings this appeal from the revocation of his community supervision. We affirm the revocation.

Appellant was charged on October 16, 2002 by indictment with the felony offense of theft of $1,500 or more, but less than $20,000. He was convicted on May 8, 2003 by the 64th District Court of Hale County on his plea of guilty pursuant to a plea agreement. Punishment was assessed in conformity with the plea agreement at two years confinement

in the Texas Department of Criminal Justice Institutional Division, a fine of $250.00, $258.00 in court costs, $250.00 in attorney's fees, and $2,646.73 in restitution. Also, in compliance with the plea agreement, imposition of the sentence was suspended for a period of three years, conditioned on appellant's compliance with the terms of his community supervision.

The State filed a motion to revoke appellant's community supervision on June 19, 2003 and an amended motion to revoke appellant's community supervision on July 24, 2003. The trial court heard the amended motion to revoke on October 10, 2003 and entered an order continuing appellant's community supervision and adding conditions.

On October 21, 2004, the State filed another motion to revoke appellant's community supervision and filed an amended motion to revoke on December 27, 2004. Specifically, in its amended motion, the State alleged appellant violated the conditions of his community supervision as follows:

1. Defendant has committed an offense against the law of this or any other State or the United States; to-wit:

   a. On or about the 5th day of July 2004, in the County of Terry, State of Texas, the defendant did then and there, unlawfully appropriate, by acquiring or otherwise exercising control over property, to-wit: computer desk, of the value of $500.00 or more but less than $1500.00 from Pepper Brock, the owner thereof, with intent to deprive the owner of property.

   b. On or about the 5th day of July 2004, in the County of Terry, State of Texas, the defendant did then and there, unlawfully appropriate, by acquiring or otherwise exercising control over property, to-wit: 19" Sony TV, Twin bed, Computer Desk, Home Stereo, Table with Chairs and Set of end tables, of the

2

value of $500.00 or more but less than $1500.00 from Pepper Brock, the owner thereof, with intent to deprive the owner of the property.

c.      On or about the 2nd day of July 2004, in the County of Terry, State of Texas, the defendant did then with intent to commit theft enter a building or a portion of a building not then open to the public without the effective consent of Harvey Cottrell, the owner thereof.

d.      On or about the 1st day of July 2004, in the County of Terry, State of Texas, the defendant did then with intent to commit theft enter a building or a portion of a building not then open to the public without the effective consent of Harvey Cottrell, the owner thereof.

At a January 17, 2005 revocation hearing, appellant pled not true to the State's allegations 1a, 1b, and 1c. Appellant pled true to State's allegation 1d. The State called one witness (appellant's supervision officer) and offered two exhibits (a Terry County court document showing the conviction of appellant for the offense of burglary of a building and the stipulation of evidence) into evidence. The defense called appellant as its sole witness.

At the conclusion of the hearing, the court found appellant had violated a condition of his community supervision as stated by allegation 1d of the State's amended motion to revoke. The trial court then revoked appellant's community supervision. The court ordered him to serve the original sentence imposed on his conviction. Appellant timely filed a notice of appeal and the trial court appointed counsel on appeal.

Appellant's counsel has filed a brief stating that he has carefully reviewed the record in this case and concludes there is no reversible error and that the appeal is frivolous. *See* *Anders v. California*, 386 U.S. 738, 744-45 (1967). The brief discusses the factual and procedural history of the case and evidence presented. Counsel also has filed a motion

3

to withdraw and, by letter, informed appellant of his right to file a *pro se* brief. *Johnson v. State*, 885 S.W.2d 641, 646 (Tex. App.–Waco 1994, pet. ref'd).

By letter dated April 4, 2005, this court also notified appellant of his opportunity to submit a response to the *Anders* brief and motion to withdraw filed by his counsel, granting him until May 4, 2005 to do so. This court's letter also reminded appellant to contact his counsel if he needed to review any part of the appellate record to prepare a response. Appellant has not filed a brief or other response.

In conformity with the standards set out by the United States Supreme Court, we will not rule on the motion to withdraw until we have independently examined the record. *Nichols v. State*, 954 S.W.2d 83, 86 (Tex. App.–San Antonio 1997, no pet.). If this court determines the appeal has merit, we will remand it to the trial court for appointment of new counsel. *Stafford v. State*, 813 S.W.2d 503, 511 (Tex.Crim.App. 1991).

Appellate review of a revocation order is limited to determining whether the trial court abused its discretion. *Cardona v. State*, 665 S.W.2d 492, 493 (Tex.Crim.App. 1984); *Jackson v. State*, 645 S.W.2d 303, 305 (Tex.Crim.App. 1983). The trial court abuses its discretion in revoking community supervision if the State fails to meet its burden of proof. *Cardona*, 665 S.W.2d at 493-94. In a revocation proceeding, the State must prove by a preponderance of the evidence that appellant violated a condition of community supervision as alleged in the motion to revoke. *Cobb v. State*, 851 S.W.2d 871, 874 (Tex.Crim.App. 1993). The trial judge in such a proceeding is the sole trier of fact. *Taylor v. State*, 604 S.W.2d 175, 179 (Tex.Crim.App. 1980).

4

At his revocation hearing, appellant pled true to the State's allegation 1d that "[o]n or about the 1st day of July 2004, in the County of Terry, State of Texas, the defendant did then with intent to commit theft enter a building or a portion of a building not then open to the public without the effective consent of Harvey Cottrell, the owner thereof." When the State alleges more than one violation, proof of any one of them will support revocation. *Moore v. State*, 605 S.W.2d 924, 926 (Tex.Crim.App. [Panel Op.] 1980). A defendant's plea of true to an alleged violation, standing alone, is sufficient to support the revocation. *Moses v. State*, 590 S.W.2d 469, 470 (Tex.Crim.App. 1979).

Our review convinces us that appellate counsel conducted a complete review of the record. We have also made an independent examination of the entire record to determine whether there are any arguable grounds which might support the appeal. *See Stafford*, 813 S.W.2d at 511. We agree it presents no meritorious grounds for review. The trial court did not abuse its discretion in revoking appellant's community supervision. We grant counsel's motion to withdraw and affirm the judgment of the trial court.

James T. Campbell
Justice

Do not publish.