NO. 07-04-0377-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

AUGUST 12, 2005

_____

ROBERT EDWARD BARRIENTEZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 251ST DISTRICT COURT OF POTTER COUNTY;

NO. 46,858-C; HONORABLE PATRICK A. PIRTLE, JUDGE
_____

Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

**MEMORANDUM OPINION**

Appellant Robert Edward Barrientez brings this appeal from the revocation of his community supervision.  We affirm the revocation.

Appellant was charged on March 20, 2003 by indictment with the third degree felony offense of failure to register as a sex offender.  He was convicted on March 1, 2004 by the 251st District Court on his plea of guilty pursuant to a plea agreement.  Punishment was assessed in conformity with the plea agreement at seven years confinement in the Texas

Department of Criminal Justice Institutional Division and a fine of $700.00. Also, in compliance with the plea agreement, imposition of the sentence was suspended for a period of seven years, conditioned on appellant's compliance with the terms of his community supervision. The State filed a motion to revoke appellant's community supervision on March 23, 2004, alleging appellant violated his community supervision through his failure "to report to his supervision officer as directed on release from jail...."

At a May 25, 2005 revocation hearing, appellant pled not true to the State's allegations. The State called one witness (appellant's supervision officer) and offered one exhibit (the probation reporting instructions) into evidence. The Defense called appellant as its sole witness to offer mitigating circumstances for his failure to report on the day after his release from a city jail. At the conclusion of the hearing, the court found appellant had violated a condition of his community supervision and revoked it. The court ordered him to serve the original sentence imposed on his conviction. He timely filed a notice of appeal and the trial court appointed counsel on appeal.

Appellant's counsel has filed a brief stating that he has carefully reviewed the record in this case and concludes there is no reversible error. *See Anders v. California*, 386 U.S. 738, 744-45 (1967). The brief discusses the factual and procedural history of the case and evidence presented. In conformity with counsel's obligation to support the appeal to the best of his ability, *Johnson v. State*, 885 S.W.2d 641, 645 (Tex. App.–Waco 1994, pet. ref'd), the brief discusses a potential complaint on appeal and then explains why it does not demonstrate reversible error. Counsel also has filed a motion to withdraw and, by letter, informed appellant of his right to file a *pro se* brief. *Id.* at 646.

2

By letter dated February 14, 2005, this court also notified appellant of his opportunity to submit a response to the *Anders* brief and motion to withdraw filed by his counsel, granting him until March 14, 2005 to do so. This court's letter also reminded appellant to contact his counsel if he needed to review any part of the appellate record to prepare a response. Appellant has not filed a brief or other response.

In conformity with the standards set out by the United States Supreme Court, we will not rule on the motion to withdraw until we have independently examined the record. *Nichols v. State*, 954 S.W.2d 83, 86 (Tex. App.–San Antonio 1997, no pet.). If this court determines the appeal has merit, we will remand it to the trial court for appointment of new counsel. *Stafford v. State*, 813 S.W.2d 503, 511 (Tex.Crim.App. 1991).

The potential issue discussed in counsel's brief is that the State failed to establish, through the testimony of the supervision officer, that appellant did not report as directed (i.e. at 2:00 p.m. on March 3, 2004). Instead, the State established that he did not report as required through cross-examination of appellant. As noted, appellant elected to testify at the revocation hearing. On cross-examination, he admitted his failure to report. Counsel points out that but for appellant's admission, there is no showing that he missed his reporting due date as alleged. Given appellant's admission, however, we agree that the appeal presents no meritorious issue regarding the sufficiency of the evidence.

Appellate review of a revocation order is limited to determining whether the trial court abused its discretion. *Cardona v. State*, 665 S.W.2d 492, 493 (Tex.Crim.App. 1984); *Jackson v. State*, 645 S.W.2d 303, 305 (Tex.Crim.App. 1983). The trial court abuses its

discretion in revoking community supervision if the State fails to meet its burden of proof. *Cardona*, 665 S.W.2d at 493-94. In a revocation proceeding, the State must prove by a preponderance of the evidence that appellant violated a condition of community supervision as alleged in the motion to revoke. *Cobb v. State*, 851 S.W.2d 871, 874 (Tex.Crim.App. 1993). The trial judge in such a proceeding is the sole trier of fact. *Taylor v. State*, 604 S.W.2d 175, 179 (Tex.Crim.App. 1980). The evidence before the trial court was sufficient to establish appellant's violation of the condition alleged. *Cobb*, 851 S.W.2d at 874.

Our review convinces us that appellate counsel conducted a complete review of the record. We have also made an independent examination of the entire record to determine whether there are any arguable grounds which might support the appeal. *See Stafford*, 813 S.W.2d at 511. We agree it presents no meritorious grounds for review. The trial court did not abuse its discretion in revoking appellant's community supervision. We grant counsel's motion to withdraw and affirm the judgment of the trial court.

James T. Campbell
Justice

Do not publish.

4