NO. 07-05-0353-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



MAY 15, 2006


______________________________



GLEN OLJUAWON MARTIN, APPELLANT


 

V.



THE STATE OF TEXAS, APPELLEE


_________________________________



FROM THE 47TH DISTRICT COURT OF POTTER COUNTY;



NO. 49,549-A; HONORABLE HAL MINER, JUDGE


_______________________________




Before REAVIS and CAMPBELL and HANCOCK, JJ.

MEMORANDUM OPINION


 Appellant Glen Oljuawon Martin brings this appeal from the revocation of his
community supervision. We affirm the revocation. 

 Appellant was charged in August 2004 by indictment of the offense of Aggravated
Sexual Assault occurring in July 2004. He was convicted in January 2005 on his plea of
guilty. The plea was entered after selection of a jury and apparently not made as part of
a plea agreement with the State. (1) The issue of punishment was tried to the jury which
assessed ten years confinement and a $10,000 fine. The jury also recommended
confinement be suspended. The trial court suspended confinement and placed appellant
on community supervision for ten years, conditioned on his compliance with specified
terms and conditions. 

 The State filed a motion to revoke appellant's community supervision in June 2005,
alleging seven violations of the conditions imposed. The motion alleged appellant failed
to report as required in May 2005, failed to pay supervision fees in May and June 2005,
failed to make payments for court costs for three months, failed to pay a victims assistance
fee, failed to pay a fee for publication of sex offender information, failed to provide a DNA
sample, and failed to submit to a sex offender evaluation. 

 At a September 8, 2005 hearing on the motion, appellant pled true to all but one of
the State's allegations. He denied the failure to report to the probation department in May
2005. Appellant advised the court his plea was voluntary and he understood the
consequences of his plea. Appellant's counsel also informed the court he felt appellant
was competent. The court heard testimony from appellant's probation officer on his failure
to report as required. Appellant testified he did not know he was required to report to the
probation department in May because he did not receive "a slip" in April that he was to
report in May. He also presented the testimony of a work supervisor that he would have
a job available if continued on probation. The trial court found true each of the violations
alleged in the State's motion, revoked appellant's community supervision, and imposed the
original sentence of ten years confinement. He filed a timely notice of appeal and the trial
court appointed counsel on appeal.

 Appellant's counsel has filed a brief stating that he has carefully reviewed the record
in this case and concludes there is no reversible error and that the appeal is frivolous. See
Anders v. California, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). The
brief discusses the factual and procedural history of the case and evidence presented. In
conformity with counsel's obligation to support the appeal to the best of his ability, Johnson
v. State, 885 S.W.2d 641, 645 (Tex.App.-Waco 1994, pet. ref'd), the brief discusses two
potential issues on appeal and explains why they do not show reversible error. (2) Counsel
also has filed a motion to withdraw and by letter informed appellant of his right to file a pro
se brief. Id. at 646. By letter dated December 30, 2005, this Court also notified appellant
of his opportunity to submit a response to the Anders brief and motion to withdraw filed by
his counsel, granting him until January 30, 2005, to do so. This court's letter also reminded
appellant to contact his counsel if he needed to review any part of the appellate record to
prepare a response. Appellant has directed several letters to the court clerk. None of the
letters is labeled a brief but some do raise issues relevant to the appeal. We will treat them
as his response to counsel's brief. In conformity with the standards set out by the United
States Supreme Court, we will not rule on the motion to withdraw until we have
independently examined the record. Nichols v. State, 954 S.W.2d 83, 86 (Tex.App.-San
Antonio 1997, no pet.). Appellant's letters have requested appointment of new counsel
on appeal. We will remand the case to the trial court for appointment of new counsel only
if we determine the appeal has merit. See Stafford v. State, 813 S.W.2d 503, 511
(Tex.Crim.App.1991). 

 Appellate review of a revocation order is limited to determining whether the trial
court abused its discretion. Cardona v. State, 665 S.W.2d 492, 493 (Tex.Crim.App. 1984);
Jackson v. State, 645 S.W.2d 303, 305 (Tex.Crim.App. 1983). A trial court abuses its
discretion in revoking community supervision if the State fails to meet its burden of proof. 
Cardona, 665 S.W.2d at 493-94. In a revocation proceeding, the State must prove by a
preponderance of the evidence that appellant violated a condition of community
supervision as alleged in the motion to revoke. Cobb v. State, 851 S.W.2d 871, 874
(Tex.Crim.App.1993). When the State alleges more than one violation, proof of any one
of them will support revocation. Moore v. State, 605 S.W.2d 924, 926 (Tex.Crim.App.
[Panel Op.] 1980). The trial judge in such a proceeding is the sole trier of fact. Taylor v.
State, 604 S.W.2d 175, 179 (Tex.Crim.App.1980). A defendant's plea of true to an alleged
violation, standing alone, is sufficient to support the revocation. Moses v. State, 590
S.W.2d 469, 470 (Tex.Crim.App. 1979). Appellant's plea of true and evidence presented 
at the hearing are sufficient to support the trial court's finding he violated conditions of his
community supervision. The record also supports the court's finding that appellant was
competent at the time of the hearing to make the plea and it was made voluntarily.

 Appellant's pro se response complains the term of confinement imposed is
excessive. Counsel's brief discusses that issue, correctly noting appellant was convicted
of a first degree felony. See Tex. Pen. Code Ann. § 22.021 (Vernon 2003). The
punishment range for first degree felonies is 5 to 99 years confinement. Tex. Pen. Code
Ann. §12.32 (Vernon 2003). No error is shown by a sentence within the limits set by the
legislature. Nunez v. State, 565 S.W.2d 536, 538 (Tex.Crim.App. 1978). The second
potential issue discussed in counsel's brief concerns whether appellant was denied the
effective assistance of counsel at trial. We agree the record presents no meritorious
appellate issue regarding trial counsel's representation under the standards established
in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 1052, 80 L.Ed.2d 144 (1986).

 Our review convinces us that appellate counsel conducted a complete review of the
record. We have also made an independent examination of the entire record to determine
whether there are any arguable grounds which might support the appeal. (3) See Stafford,
813 S.W.2d at 511. We agree it presents no meritorious grounds for review. The trial
court did not abuse its discretion in revoking appellant's community supervision. We grant
counsel's motion to withdraw and affirm the judgment of the trial court.


 James T. Campbell

 Justice

Do not publish. 
1. The judgment does not indicate whether there was a plea agreement. The trial
court's certificate of appellant's right to appeal recites the case did not involve a plea
bargain. 
2. The brief additionally contains citation to the record and authority showing the trial
court's compliance with other applicable procedural requirements.
3. Our review is limited, though, to any issues related to revocation of appellant's
community supervision. Tex. Code Crim. Proc. Ann. art. 42.12 § 23(b) (Vernon Supp.
2004); see Manuel v. State, 994 S.W.2d 658, 661-62 (Tex.Crim.App.1999).



in; margin-bottom: 0.104167in">Do not publish.