NO. 07-05-0353-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

MAY 15, 2006
_____

GLEN OLJUAWON MARTIN, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 47TH DISTRICT COURT OF POTTER COUNTY;

NO. 49,549-A; HONORABLE HAL MINER, JUDGE
_____

Before REAVIS and CAMPBELL and HANCOCK, JJ.

**MEMORANDUM OPINION**

Appellant Glen Oljuawon Martin brings this appeal from the revocation of his community supervision.  We affirm the revocation.

Appellant was charged in August 2004 by indictment of the offense of Aggravated Sexual Assault occurring in July 2004.  He was convicted in January 2005 on his plea of guilty.  The plea was entered after selection of a jury and apparently not made as part of

a plea agreement with the State.[1]  The issue of punishment was tried to the jury which assessed ten years confinement and a $10,000 fine.  The jury also recommended confinement be suspended.  The trial court suspended confinement and placed appellant on community supervision for ten years, conditioned on his compliance with specified terms and conditions.

The State filed a motion to revoke appellant's community supervision in June 2005, alleging seven violations of the conditions imposed.  The motion alleged appellant failed to report as required in May 2005, failed to pay supervision fees in May and June 2005, failed to make payments for court costs for three months, failed to pay a victims assistance fee, failed to pay a fee for publication of sex offender information, failed to provide a DNA sample, and failed to submit to a sex offender evaluation.

At a September 8, 2005 hearing on the motion, appellant pled true to all but one of the State's allegations.  He denied the failure to report to the probation department in May 2005. Appellant advised the court his plea was voluntary and he understood the consequences of his plea.  Appellant's counsel also informed the court he felt appellant was competent.  The court heard testimony from appellant's probation officer on his failure to report as required.  Appellant testified he did not know he was required to report to the probation department in May because he did not receive "a slip" in April that he was to report in May.  He also presented the testimony of a work supervisor that he would have

_____

[1] The judgment does not indicate whether there was a plea agreement.  The trial court's certificate of appellant's right to appeal recites the case did not involve a plea bargain.

a job available if continued on probation. The trial court found true each of the violations alleged in the State's motion, revoked appellant's community supervision, and imposed the original sentence of ten years confinement. He filed a timely notice of appeal and the trial court appointed counsel on appeal.

Appellant's counsel has filed a brief stating that he has carefully reviewed the record in this case and concludes there is no reversible error and that the appeal is frivolous. *See Anders v. California,* 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). The brief discusses the factual and procedural history of the case and evidence presented. In conformity with counsel's obligation to support the appeal to the best of his ability, *Johnson v. State,* 885 S.W.2d 641, 645 (Tex.App.–Waco 1994, pet. ref'd), the brief discusses two potential issues on appeal and explains why they do not show reversible error.[2] Counsel also has filed a motion to withdraw and by letter informed appellant of his right to file a *pro se* brief. *Id.* at 646. By letter dated December 30, 2005, this Court also notified appellant of his opportunity to submit a response to the *Anders* brief and motion to withdraw filed by his counsel, granting him until January 30, 2005, to do so. This court's letter also reminded appellant to contact his counsel if he needed to review any part of the appellate record to prepare a response. Appellant has directed several letters to the court clerk. None of the letters is labeled a brief but some do raise issues relevant to the appeal. We will treat them as his response to counsel's brief. In conformity with the standards set out by the United States Supreme Court, we will not rule on the motion to withdraw until we have

---

[2] The brief additionally contains citation to the record and authority showing the trial court's compliance with other applicable procedural requirements.

3

independently examined the record. *Nichols v. State,* 954 S.W.2d 83, 86 (Tex.App.–San Antonio 1997, no pet.). Appellant's letters have requested appointment of new counsel on appeal. We will remand the case to the trial court for appointment of new counsel only if we determine the appeal has merit. *See Stafford v. State,* 813 S.W.2d 503, 511 (Tex.Crim.App.1991).

Appellate review of a revocation order is limited to determining whether the trial court abused its discretion. *Cardona v. State,* 665 S.W.2d 492, 493 (Tex.Crim.App. 1984); *Jackson v. State,* 645 S.W.2d 303, 305 (Tex.Crim.App. 1983). A trial court abuses its discretion in revoking community supervision if the State fails to meet its burden of proof. *Cardona,* 665 S.W.2d at 493-94. In a revocation proceeding, the State must prove by a preponderance of the evidence that appellant violated a condition of community supervision as alleged in the motion to revoke. *Cobb v. State,* 851 S.W.2d 871, 874 (Tex.Crim.App.1993). When the State alleges more than one violation, proof of any one of them will support revocation. *Moore v. State*, 605 S.W.2d 924, 926 (Tex.Crim.App. [Panel Op.] 1980). The trial judge in such a proceeding is the sole trier of fact. *Taylor v. State,* 604 S.W.2d 175, 179 (Tex.Crim.App.1980). A defendant's plea of true to an alleged violation, standing alone, is sufficient to support the revocation. *Moses v. State,* 590 S.W.2d 469, 470 (Tex.Crim.App. 1979). Appellant's plea of true and evidence presented at the hearing are sufficient to support the trial court's finding he violated conditions of his community supervision. The record also supports the court's finding that appellant was competent at the time of the hearing to make the plea and it was made voluntarily.

4

Appellant's pro se response complains the term of confinement imposed is excessive. Counsel's brief discusses that issue, correctly noting appellant was convicted of a first degree felony. *See* Tex. Pen. Code Ann. § 22.021 (Vernon 2003). The punishment range for first degree felonies is 5 to 99 years confinement. Tex. Pen. Code Ann. §12.32 (Vernon 2003). No error is shown by a sentence within the limits set by the legislature. *Nunez v. State*, 565 S.W.2d 536, 538 (Tex.Crim.App. 1978). The second potential issue discussed in counsel's brief concerns whether appellant was denied the effective assistance of counsel at trial. We agree the record presents no meritorious appellate issue regarding trial counsel's representation under the standards established in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 1052, 80 L.Ed.2d 144 (1986).

Our review convinces us that appellate counsel conducted a complete review of the record. We have also made an independent examination of the entire record to determine whether there are any arguable grounds which might support the appeal.[3] *See Stafford*, 813 S.W.2d at 511. We agree it presents no meritorious grounds for review. The trial court did not abuse its discretion in revoking appellant's community supervision. We grant counsel's motion to withdraw and affirm the judgment of the trial court.

James T. Campbell
Justice

Do not publish.

---

[3] Our review is limited, though, to any issues related to revocation of appellant's community supervision. Tex. Code Crim. Proc. Ann. art. 42.12 § 23(b) (Vernon Supp. 2004); *see Manuel v. State,* 994 S.W.2d 658, 661-62 (Tex.Crim.App.1999).