Opinion filed June 29, 2006 















 
 
  
 
 







 
 
  
 
 




Opinion filed June 29, 2006 

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                   __________

 

                                                          No. 11-06-00007-CR 

                                                    __________

 

                              KATRINA
ELAINE HOSKINS, Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS,
Appellee

 



 

                                          On
Appeal from the 29th District Court

 

                                                       Palo
 Pinto County, Texas

 

                                                    Trial
Court Cause No. 11822

 



 

                                                                   O
P I N I O N

This is
an appeal from a judgment revoking community supervision.  We affirm.








Originally,
Katrina Elaine Hoskins entered a plea of guilty to the offense of burglary of a
building.  The trial court deferred the
adjudication of her guilt, placed her on community supervision for four years,
and assessed a $1,500 fine.  After a
hearing on the State=s motion to adjudicate, the trial court
found that appellant had violated the terms and conditions of her community
supervision, revoked her community supervision, adjudicated her guilt, and
assessed her punishment at confinement for two years and a $1,500 fine.  The trial court then suspended the imposition
of the confinement portion of the sentence and placed appellant on Aregular@
community supervision for five years.  At
the hearing on the State=s amended motion to revoke Aregular@
community supervision, appellant entered pleas of true to five of the State=s seven allegations.  The trial court found the allegations to be
true, revoked appellant=s community supervision, and sentenced her
to confinement for two years in a state jail facility.

Appellant=s
court-appointed counsel has filed a motion to withdraw.  The motion is supported by a brief in which
counsel professionally and conscientiously examines the record and applicable
law and states that she has concluded that the appeal is frivolous.  Counsel has provided appellant with a copy of
the brief and advised appellant of her right to review the record and file a
response to counsel=s
brief.  A response has not been filed.  Court-appointed counsel has complied with the
requirements of Anders v. California, 386 U.S. 738 (1967); Stafford
v. State, 813 S.W.2d 503 (Tex. Crim. App. 1991); High v. State, 573
S.W.2d 807 (Tex. Crim. App. 1978); Currie v. State, 516 S.W.2d 684 (Tex.
Crim. App. 1974); Gainous v. State, 436 S.W.2d 137 (Tex. Crim. App.
1969); Eaden v. State, 161 S.W.3d 173 (Tex. App.CEastland
2005, no pet.).

Following the procedures outlined in Anders,
we have independently reviewed the record, and we agree that the appeal is
without merit.  We note that, in a
community supervision revocation hearing, proof of one violation of the terms
and conditions of community supervision is sufficient to support the
revocation.  McDonald v. State,
608 S.W.2d 192 (Tex. Crim. App. 1980); Taylor
v. State, 604 S.W.2d 175 (Tex. Crim. App. 1980); Moses v. State, 590
S.W.2d 469 (Tex. Crim. App. 1979).  A
plea of true alone is sufficient to support the trial court=s determination to revoke.  Moses, 590 S.W.2d 469; Cole v.
State, 578 S.W.2d 127 (Tex. Crim. App. 1979). 

The motion to withdraw is granted, and the
judgment is affirmed.

 

PER CURIAM

 

June 29, 2006

Do not publish.  See
Tex. R. App. P. 47.2(b).

Panel
consists of:  Wright, C.J., and

McCall,
J., and Strange, J.