Opinion filed July 13, 2006 












 
 
  
 
 







 
 
  
 
 




Opinion filed July 13, 2006 

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                 ____________

 

                      Nos. 11-06-00054-CR, 11-06-00055-CR, 11-06-00056-CR, 

        and 11-06-00057-CR

                                                    __________

 

                                 BENNY
LEE CAMPBELL, Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS, Appellee

 



 

                                         On
Appeal from the 350th District Court

 

                                                          Taylor County, Texas

 

                       Trial
Court Cause Nos. 6942-D, 6343-D, 6344-D, and 6345-D

 



 

                                                                   O
P I N I O N

These are appeals from four judgments adjudicating
Benny Lee Campbell=s guilt.  We dismiss each appeal.








In Cause No. 11-06-00054-CR, appellant originally
entered an open plea of guilty to the offense of possession of cocaine and
pleas of true to the enhancement allegations. 
In Cause Nos. 11-06-00055-CR, 11-06-00056-CR, and 11-06-00057-CR,
appellant entered open pleas of guilty to three offenses of delivery of cocaine
and pleas of true to the enhancement allegations.  In each case, the trial court deferred the
adjudication of appellant=s
guilt and placed appellant on community supervision for ten years.  At the hearing on the State=s motions to adjudicate, appellant
entered pleas of true to two of the State=s
allegations.[1]  The trial court found six of the State=s allegations to be true.  In each case, the trial court found that
appellant had violated the terms and conditions of his community supervision,
revoked his community supervision, adjudicated his guilt, and imposed a
sentence of confinement for twenty years.

In his sole issue in each appeal, appellant
contends that his plea of true to one of the allegations was involuntary.  However, Tex.
Code Crim. Proc. Ann. art. 42.12, '
5(b) (Vernon Supp. 2005) precludes an appeal challenging the trial court=s determination to proceed with the
adjudication of guilt.  Hargesheimer
v. State, 182 S.W.3d 906, 909 (Tex. Crim. App. 2006); Hogans v. State, 176
S.W.3d 829, 831 (Tex. Crim. App. 2005); Phynes v. State,
828 S.W.2d 1, 2 (Tex. Crim. App. 1992); Olowosuko v. State, 826 S.W.2d
940, 942 (Tex. Crim. App. 1992). 
Therefore, appellant=s
contentions are not properly before this court, and the issue in each appeal is
dismissed for want of jurisdiction. 

The appeals are dismissed.

 

PER CURIAM

 

July 13, 2006

Do not publish.  See
Tex. R. App. P. 47.2(b).

Panel
consists of:  Wright, C.J., and

McCall,
J., and Strange, J.











[1]We note that proof of one violation of the terms and
conditions of community supervision is sufficient to support the revocation.  McDonald v. State, 608 S.W.2d 192
(Tex. Crim. App. 1980); Taylor v. State, 604 S.W.2d 175 (Tex. Crim. App.
1980); Moses v. State, 590 S.W.2d 469 (Tex. Crim. App. 1979).  Further, a plea of true alone is sufficient
to support the trial court=s determination to revoke.  Moses, 590 S.W.2d at 470; Cole v.
State, 578 S.W.2d 127 (Tex. Crim. App.1979).