Opinion filed August 23, 2007 
















 
 
  
 
 







 
 
  
 
 




Opinion filed August 23, 2007 

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                   __________

 

                                                          No. 11-07-00155-CR 

                                                    __________

 

                            RANDELL
CHARLES COLLINS, Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS,
Appellee

 



 

                                         On
Appeal from the 385th District Court

 

                                                         Midland
 County, Texas

 

                                                 Trial
Court Cause No. CR31504

 



 

                                                                   O
P I N I O N








This is
an appeal from a judgment revoking community supervision.  The jury convicted Randell Charles Collins of
possession of marihuana in the amount of more than four ounces but five pounds
or less.  The jury assessed his
punishment at confinement for two years and a fine of $2,400 and recommended
that the confinement portion of the sentence be suspended.   The trial court placed appellant on
community supervision for five years.  At
the hearing on the State=s motion to revoke, appellant entered pleas
of true to three of the State=s allegations.  The trial court found that appellant had
violated the terms  and conditions of his
community supervision, revoked his community supervision, and imposed a fine of
$2,400 and confinement for two years in a state jail facility.  We affirm.

Appellant=s
court-appointed counsel has filed a motion to withdraw.  The motion is supported by a brief in which
counsel professionally and conscientiously examines the record and applicable
law and states that he has concluded that the appeal is frivolous.  Counsel presents four potential points of
error.

In the first potential point, counsel examines
whether appellant was denied the benefit of a fair and impartial hearing on the
motion to revoke.  We agree with counsel=s analysis and conclusion that the
record reflects no abuse of appellant=s
rights.  The first point is overruled.

In the second potential point, counsel questions
whether the trial court abused its discretion in finding that appellant
violated the terms and conditions of his community supervision.  We note that appellant entered pleas of true
to three of the allegations.  Proof of
one violation of the terms and conditions of community supervision is
sufficient to support the revocation.  McDonald
v. State, 608 S.W.2d 192 (Tex. Crim. App. 1980); Taylor v. State, 604 S.W.2d 175
(Tex. Crim. App. 1980); Moses v. State, 590 S.W.2d 469 (Tex. Crim. App.
1979).  A plea of true alone is
sufficient to support the trial court=s
determination to revoke.  Moses,
590 S.W.2d at 470; Cole v. State, 578 S.W.2d 127, 128 (Tex. Crim. App.
1979).  The second point is overruled.

In the third potential point, counsel contends
that the trial court may have abused its discretion by assessing the maximum
penalty for the offense.  A penalty
assessed within the range of punishment established by the legislature will not
be disturbed on appeal. Jackson v. State, 680 S.W.2d 809 (Tex. Crim.
App. 1984); Bradfield v. State, 42 S.W.3d 350 (Tex. App.CEastland 2001, pet. ref=d). 
This potential point is overruled.








In the last potential point, counsel examines
whether appellant was denied the effective assistance  of counsel when he entered his pleas of true
at the hearing.  In order to determine
whether appellant=s trial
counsel rendered ineffective assistance at trial, we must first determine
whether appellant has shown that counsel=s
representation fell below an objective standard of reasonableness and, if so,
then determine whether there is a reasonable probability that the result would
have been different but for counsel=s
errors.  Wiggins v. Smith, 539 U.S. 510, 520 (2003); Strickland v. Washington, 466 U.S.
668, 690 (1984); Andrews v. State, 159 S.W.3d 98, 101 (Tex. Crim. App. 2005); Hernandez v. State,
988 S.W.2d 770 (Tex. Crim. App. 1999). 
We must indulge a strong presumption that counsel=s
conduct fell within the wide range of reasonable professional assistance, and
appellant must overcome the presumption that, under the circumstances, the
challenged action might be considered sound trial strategy.  Bone v. State, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002); Stafford
v. State, 813 S.W.2d 503, 508-09 (Tex. Crim. App. 1991).  We agree with counsel=s
conclusion that the record does not support the contention that appellant
failed to receive effective assistance of counsel.  The fourth potential point is overruled.

Counsel has provided appellant with a copy of the
brief and advised appellant of his right to review the record and file a
response to counsel=s
brief.  A response has not been filed.
Court-appointed counsel has complied with the requirements of Anders v.
California, 386 U.S. 738 (1967); Stafford, 813 S.W.2d at 510-11; High
v. State, 573 S.W.2d 807 (Tex. Crim. App. 1978); Currie v. State,
516 S.W.2d 684 (Tex. Crim. App. 1974); Gainous v. State, 436 S.W.2d 137
(Tex. Crim. App. 1969); Eaden v. State, 161 S.W.3d 173 (Tex. App.CEastland 2005, no pet.).

Following the procedures outlined in Anders,
we have independently reviewed the record, and we agree that the appeal is
without merit.  We note that counsel has
the responsibility to advise appellant that he may file a petition for
discretionary review by the Texas Court of Criminal Appeals.  Ex parte Owens, 206 S.W.3d 670 (Tex.
Crim. App. 2006).  Likewise, this court
advises appellant that he may file a petition for discretionary review pursuant
to Tex. R. App. P. 66. Black
v. State,  217 S.W.3d 687 (Tex. App.CEastland 2007, no pet.). 

The motion to withdraw is granted, and the
judgment is affirmed.

 

PER CURIAM

August 23, 2007

Do not publish.  See
Tex. R. App. P. 47.2(b).

Panel
consists of:  Wright, C.J.,

McCall,
J., and Strange, J.