NO. 07-11-0352-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

NOVEMBER 1, 2012

_____

MICHAEL ARNOLD HERNANDEZ,

Appellant

v.

THE STATE OF TEXAS,

Appellee

_____

FROM THE 181ST DISTRICT COURT OF RANDALL COUNTY;

NO. 22,016-B; HONORABLE JOHN B. BOARD, PRESIDING

_____

*Memorandum Opinion*

_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Michael Arnold Hernandez appeals from a judgment adjudicating his guilt. He had been placed on deferred adjudication for five years. During that term, the State moved to adjudicate his guilt, contending that he breached the condition of probation obligating him "to commit no offense against the laws of this State or of the United States." In particular, it accused appellant of "intentionally, knowingly and recklessly caus[ing] bodily injury to . . . Alonzo Castillo . . . by striking him about the head with his hands." The motion came for hearing, after which the trial court granted it, adjudicated

appellant guilty of the original aggravated assault charge, and levied a sentence encompassing a fine and imprisonment. Appellant now asserts that the evidence was insufficient to support the finding that he violated the condition in question. We affirm.

Castillo testified that he and appellant began "arguing and fighting." During the incident, appellant bit Castillo on the neck. Also of record is evidence that appellant "charged" Castillo twice and that Castillo suffered bruising and abrasions around his face and head. Another witness (Galicia) testified that he was present at the altercation and was trying to "separate them." While doing so, he suffered a bump on his head.

Castillo and Galicia were intoxicated when appellant confronted Castillo. Furthermore, Castillo and appellant had a "very close and personal" relationship and were considered "partners," according to Galicia. Indeed, Castillo attempted to dissuade appellant from engaging in the fight because it could affect his probation. And though Castillo claimed that the injuries appearing on his face and head were "probably" caused by his falling as opposed to suffering blows from appellant, he admitted that "there's not a whole lot [he] wouldn't do for" appellant and that he "cared about . . . [appellant] so much and . . . want[ed] the best for him." The record also discloses that Castillo was the victim of the original aggravated assault for which appellant was ultimately convicted.

The State is required to prove the allegations in the motion to revoke by a preponderance of the evidence. *Cobb v. State,* 851 S.W.2d 871, 873 (Tex. Crim. App. 1993). In other words, the greater weight of credible evidence must create a reasonable belief that the defendant violated a condition of his probation. *Rickels v. State,* 202 S.W.3d 759, 763 (Tex. Crim. App. 2006). Furthermore, the trial court is the

2

sole judge of a witness' credibility and the weight to be assigned the testimony proffered. *Garrett v. State*, 619 S.W.2d 172, 174 (Tex. Crim. App. 1981); *Taylor v. State,* 604 S.W.2d 175, 179 (Tex. Crim. App. 1980). And, we must view the evidence in a light most favorable to the trial court's decision. *Cardona v. State,* 665 S.W.2d 492, 493 (Tex. Crim. App. 1984). Finally, when the State seeks to revoke probation because the defendant allegedly committed another offense, it need not describe the offense within its motion with the same specificity applicable to averring an offense in an indictment; the allegation is sufficient if it alleges a violation of the law and affords the defendant fair notice of the alleged violation. *See Bradley v. State*, 608 S.W.2d 652, 655 (Tex. Crim. App. 1980).

The foregoing description of evidence is enough to enable a rational factfinder to reasonably believe that appellant committed another crime, namely another assault upon Castillo through either the use of hands or teeth. *See id.* at 655 (upholding revocation despite the evidence that appellant killed his victim via stabbing as opposed to the manner alleged in the State's motion to revoke, *i.e.* striking with a hammer). The latter and appellant were in sufficiently close quarters for Castillo to be bitten and suffer blows to the head. Furthermore, the fight was of such intensity that a third party intervened to stop it and came away injured as well. The trial court was not obligated to accept the rather over-utilized excuse that the bruises suffered around the victim's face and head were caused by a fall. Instead, it could have concluded that Castillo's affection for appellant and willingness to do most anything for him colored the "partner's" testimony, as did Castillo's interest in not seeing appellant lose his probationary status.

3

Accordingly, we affirm the judgment.

Per  Curiam

Do not publish.