**Opinion filed April 16, 2015**



In The

# Eleventh Court of Appeals

_____

## No. 11-13-00245-CR

_____

## JUAN JOSE ACUNA, JR., Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 238th District Court**

**Midland County, Texas**

**Trial Court Cause No. CR36960**

## M E M O R A N D U M   O P I N I O N

The trial court found that Juan Jose Acuna, Jr. had violated his community supervision for burglary of a habitation. The trial court revoked Appellant's community supervision, adjudicated Appellant guilty of burglary of a habitation, assessed punishment at confinement for five years with no fine, and sentenced Appellant accordingly. We affirm.

## I. *Background Information and Evidence at Revocation Hearing*

Appellant received deferred adjudication for the first-degree felony offense of burglary of a habitation. The trial court placed Appellant on community supervision with the following terms, among others: (1) report each month to the community supervision officer; (2) pay the fees assessed against Appellant; (3) perform at least ten hours of community service monthly for a total of 320 hours; and (4) remain in Midland County.

The State moved to proceed with an adjudication of guilt and to revoke Appellant's community supervision after he violated the above terms. The State alleged that Appellant (1) did not report for six months; (2) failed to pay fines and fees; (3) failed to perform community service hours; and (4) moved from Midland County to Freeport, Texas, in Brazoria County without permission.

Appellant pleaded true to each allegation against him. Appellant subsequently testified that he forgot to report to his community supervision officer on three occasions and that he moved outside Midland County without permission. David Yrizarry, Appellant's community supervision officer, testified that Appellant reported no community service hours.

## II. *Issues Presented*

Appellant asserts (1) that the trial court violated his due process rights when it revoked his community supervision because the State presented no evidence that Appellant had the ability to pay his fees but intentionally failed to do so and (2) that the trial court abused its discretion when it revoked his community supervision and assessed punishment and sentenced him to confinement for five years.

## III. *Standard of Review*

We review a trial court's decision to revoke community supervision for an abuse of discretion. *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006).

The State must show by a preponderance of the evidence that the defendant committed a violation of the conditions of his community supervision. *Id.* at 763–64; *Cobb v. State*, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993). If the State fails to meet its burden of proof, the trial court abuses its discretion if it revokes the community supervision. *Cardona v. State*, 665 S.W.2d 492, 493–94 (Tex. Crim. App. 1984). At a revocation proceeding, the trial court is the sole judge of the credibility of the witnesses and the weight to be given to their testimony, and we review the evidence in the light most favorable to the trial court's ruling. *Garrett v. State*, 619 S.W.2d 172, 174 (Tex. Crim. App. [Panel Op.] 1981); *Taylor v. State*, 604 S.W.2d 175, 179 (Tex. Crim. App. [Panel Op.] 1980). Proof of one violation of the terms of community supervision is sufficient to revoke community supervision. *Sanchez v. State*, 603 S.W.2d 869, 871 (Tex. Crim. App. [Panel Op.] 1980).

IV. *Analysis*

We will address Appellant's second issue first because it is dispositive of his first issue. Appellant pleaded true to each allegation against him, and his community supervision officer testified that Appellant did not report any community service hours. This testimony is sufficient evidence that he violated his community supervision. In addition, the trial court assessed punishment and sentenced Appellant according to the minimum statutory guidelines; therefore, the trial court did not abuse its discretion when it revoked Appellant's community supervision, assessed punishment, and sentenced him. *See* TEX. PENAL CODE ANN. §§ 12.32(a), 30.02(d) (West 2011) (burglary of a habitation as charged in this case is a first-degree felony punishable by confinement for life or for any term between five and ninety-nine years); *Rickels*, 202 S.W.3d at 763–64; *Cardona*, 665 S.W.2d at 493–94; *Sanchez*, 603 S.W.2d at 871. We overrule Appellant's second issue.

Appellant argues that the trial court violated his due process rights when it revoked his community supervision because of his failure to pay fees. Sufficient evidence exists, however, to support at least one of the other three allegations against Appellant that were unrelated to his failure to pay fees. The trial court, therefore, did not abuse its discretion when it revoked Appellant's community supervision. *See Sanchez*, 603 S.W.2d at 871. We overrule Appellant's first issue.

Appellant also lists three other issues in the Argument Summary section of his brief. Appellant contends that the trial court should have granted him a continuance, that insufficient evidence established his alleged violations, and that "his punishment was unduly excessive and harsh." Appellant does not cite to the record or any authority, nor does he present any argument addressing these issues in his brief. Appellant has, therefore, waived these issues. *See* TEX. R. APP. P. 38.1(i); *Smith v. State*, 907 S.W.2d 522, 532 (Tex. Crim. App. 1995).

### V. *This Court's Ruling*

We affirm the judgment of the trial court.


MIKE WILLSON

JUSTICE


April 16, 2015

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.

4